HEATHER E. WILLIAMS, #122664
Federal Defender
MEGHAN McLOUGHLIN, #354051
MIA CRAGER, #300172
Assistant Federal Defenders
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: (916) 498-5700
Fax: (916) 498-5710

Attorneys for Defendant
ROBERT ALLEN POOLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff,*<br><br>vs.<br><br>ROBERT ALLEN POOLEY,<br><br>   *Defendant.* | Case No. 2:21-cr-00111-WBS<br><br>**NOTICE OF MOTION; MOTION TO DISMISS COUNTS FIVE AND SIX OF THE INDICTMENT**<br><br>Date:   March 4, 2024<br>Time:  9:00 A.M.<br>Judge: Hon. William B. Shubb |

**NOTICE OF MOTION**

**TO:  UNITED STATES ATTORNEY PHILLIP A. TALBERT AND ASSISTANT UNITED STATES ATTORNEYS KATHERINE LYDON AND DHRUV SHARMA, COUNSEL FOR PLAINTIFF:**

PLEASE TAKE NOTICE that on the above-noted date and time, or as soon thereafter as the matter may be heard, Robert Allen Pooley will and hereby does move to dismiss Counts Five and Six of the indictment on the grounds that 18 U.S.C. § 1028A is unconstitutionally vague. The motion is supported by the concurrently filed memorandum of points and authorities, the files and records of this case, any additional briefing, and any argument which may be presented at the above-captioned hearing.

# MOTION TO DISMISS

For the reasons below, Mr. Pooley, by and through counsel, hereby moves this Honorable Court to dismiss Counts Five and Six of the indictment on the grounds that 18 U.S.C. § 1028A(a)(1) is unconstitutionally vague.

## BACKGROUND

Mr. Pooley is charged by indictment with four counts of wire fraud, in violation of 18 U.S.C. § 1343, and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). *See* ECF No. 1. Section 1343 provides that a person commits wire fraud where, "having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, [he] transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice. . . ." Section 1028A(a)(1) further provides that a person commits aggravated identity theft where, "during and in relation to any felony violation enumerated in subsection (c), [he] knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person. . . ." Upon conviction, § 1028A(a)(1) imposes a mandatory minimum sentence of two years custody, to run consecutive with the term imposed on the underlying felony violation.

In support of the charges, the indictment alleges that, from around May through August, 2016, Mr. Pooley carried out a scheme to fraudulently obtain funds from candidates seeking to obtain their United States Parachute Association ("USPA") D license, USPA Tandem Instructor rating, and/or their certification to use tandem parachute systems manufactured by Uninsured United Parachute Technologies, LLC ("UPT"). According to the indictment, Mr. Pooley misled the candidates to believe they could legitimately receive their USPA ratings and UPT certificates from tandem instructor courses he led, when he knew he could not lead such courses because his relevant USPA and UPT ratings had been suspended. In furtherance of the scheme, Mr. Pooley allegedly used the pre-printed signature of another instructor, named Person 2, on the candidates' application forms, even though that instructor was not present for the training.

As basis for wire fraud, Counts One through Three refer to email wire communications by a course candidate, referred to as Victim 1, and Mr. Pooley. Count Four refers to an email from Mr. Pooley to USPA attaching a UPSA Tandem Instructor Rating Court Proficiency Card bearing the signature of another instructor, Person 2. Count Five alleges aggravated identity theft for the use of Person 2's signature in connection with Victim 2's application. Count Six alleges aggravated identity theft for the use of Person 2's signature on Victim 7's USPA Tandem Instructor Rating Court Proficiency Card.

## ARGUMENT

Section 1028A(a)(1) is unconstitutionally vague. It fails to provide notice of the proscribed conduct and invites arbitrary enforcement, and therefore violates the Fifth Amendment. Counts Five and Six must be dismissed.

"The Fifth Amendment provides that '[n]o person shall . . . be deprived of life, liberty, or property, without due process of law.' Our cases establish that the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595–96, 135 S.Ct. 2551, 2256 (2015) (citing *Kolender v. Lawson,* 461 U.S. 352, 357–58, 103 S.Ct. 1855 (1983)). "When Congress passes a vague law, the role of courts under our Constitution is not to fashion a new, clearer law to take its place, but to treat the law as a nullity and invite Congress to try again." *United States v. Davis*, 588 U.S. ----, 139 S. Ct. 2319, 2323 (2019).

The aggravated identity theft statute prohibits the transfer, possession, or use, without lawful authority, of a means of identification of another person, during and in relation to a predicate felony, and requires an additional punishment of two years imprisonment. 18 U.S.C. § 1028A(a)(1). In *Dubin v. United States*, 599 U.S. 110, 143 S. Ct. 1557 (2023), the Supreme Court considered what precise conduct the statute proscribes. The Court ultimately held that a violation of § 1028A(a)(1) occurs "when the defendant's misuse of another person's means of identification is at the crux of what makes the underlying offense criminal . . . ." *Dubin*, 599 U.S. at 114. "In other words, the means of identification specifically is a key mover in the

criminality. This central role played by the means of identification, which serves to designate a specific person's identity, explains why we say that the 'identity' itself has been stolen." *Id*. at 122–23.

In *Dubin*, the defendant submitted a claim for reimbursement to Medicaid for psychological testing by a licensed psychologist, when in fact the employee who performed the testing was a licensed psychological associate. *Id*. at 114. The misrepresentation increased the reimbursement. *Id*. In addition to healthcare fraud, the government charged the defendant with aggravated identity theft, on the grounds that the fraudulent claims for inflated reimbursement included the patient's Medicaid reimbursement number. *Id*. at 115.

Applying this standard to facts before it, the Court found that the defendant's use of a Medicaid patient's number was *not* at the crux of what made the underlying overbilling fraudulent. *Id*. at 132. Rather, the crux of the healthcare fraud was a misrepresentation about the qualifications of the defendant's employee, which then inflated the claim. *Id*.

Justice Gorsuch, while agreeing with the Court's more restrained reading of § 1028A, warned that its interpretation created another question: "When, exactly, is a 'means of identification' 'at the crux,' 'a key mover,' or a 'central role' player in an offense?" *Dubin*, 599 U.S. at 135 (Gorsuch, J., concurring). He explained that § 1028A, as narrowed by the Court,

> is not much better than a Rorschach test. Depending on how you squint your eyes, you can stretch (or shrink) its meaning to convict (or exonerate) just about anyone. Doubtless, creative prosecutors and receptive judges can do the same. Truly, the statute fails to provide even rudimentary notice of what it does and does not criminalize. We have a term for laws like that. We call them vague. And "[i]n our constitutional order, a vague law is no law at all. *United States v. Davis*, 588 U. S. ___, ___, 139 S. Ct. 2319, 204 L. Ed. 2d 757, 764 (2019).

*Id*. at 133.

In his concurrence, Justice Gorsuch revisits the Court's hypothetical situation where a waiter, who serves flank steak, charges a customer for filet mignon using an electronic payment method. In its opinion, the Court is clear that the waiter has not committed aggravated identity theft. He questions why not: "[i]n one sense, the 'means of identification' (the credit card) lies 'at the crux' of the fraud. The restaurant uses it to charge the customer for a product it never

supplied." *Id*. at 136.  He also considers the facts of the case before the Court, explaining that one interpretation is that the defendant is not guilty of aggravated identity theft, as he lied only about the qualifications of the individual who provided psychological testing and they date it occurred, not necessarily the Medicaid number of the individual who did, in fact, receive testing. *Id*. at 137.  On the other hand, however, the defendant could not have successfully billed the insurance provided without accurately offering up some specific patient's name and information. *Id*.  That patient must have been a Texas Medicaid enrollee who had at least three hours of psychological-testing reimbursement left in his or her account, and the defendant ultimately directly harmed the patient by depriving him of his annual eligibility for otherwise-compensable psychological services.  *Id*.

Without an articulable standard, Justice Gorsuch explains that "[t]here are an uncountable number of ways in which an individual could use the means of identification of another to commit fraud." *Id*. at 138.  "That list covers everything from including a victim's name in the subject line of a fraudulent email; to misrepresenting information on a loan form involving a co-signer; to putting on a wig and walking into a bank with a fake ID.  And no obvious neutral rule exists to separate those 'uses' that violate § 1028A(a)(1) from others that do not." *Id*. at 138–39.

As a result, "§ 1028A(a)(1) is not just an 'ambiguous' statute—'one that *does* define prohibited conduct with some precision, but [that] is subject to two or more different interpretations.'  Instead, it is a vague statute—one that 'does not satisfactorily define the proscribed conduct at all.  *Id*. at 139 (citing J. Decker, Addressing Vagueness, Ambiguity, and Other Uncertainty in American Criminal Laws, 80 Denver U. L. Rev. 241, 260–61 (2002) (emphasis added)).

For the reasons articulated by Justice Gorsuch, Section 1028A(a)(1) is unconstitutionally vague.  It fails to provide notice of the proscribed conduct and invites arbitrary enforcement, and therefore violates the Fifth Amendment.  Thus, Counts Five and Six must be dismissed.

//

//

//

## CONCLUSION

The Court should dismiss both Counts Five and Six alleging aggravated identity theft on the grounds that 18 U.S.C. § 1028A(a)(1) is unconstitutionally vague.

Date: February 5, 2024

HEATHER E. WILLIAMS
Federal Defender

*/s/ Meghan McLoughlin*
MEGHAN McLOUGHLIN
MIA CRAGER
Assistant Federal Defenders
Attorneys for Defendant
ROBERT ALLEN POOLEY