HEATHER E. WILLIAMS, #122664
Federal Defender
MEGHAN McLOUGHLIN, #354051
MIA CRAGER, #300172
Assistant Federal Defenders
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: (916) 498-5700
Fax: (916) 498-5710

Attorneys for Defendant
ROBERT ALLEN POOLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00111-WBS |
|---|---|
| Plaintiff, | **NOTICE OF MOTION; MOTION TO STRIKE SURPLUSAGE** |
| vs. | Date:  March 4, 2024 |
| ROBERT ALLEN POOLEY, | Time:  9:00 A.M. |
|  | Judge: Hon. William B. Shubb |
| Defendant. | |

**NOTICE OF MOTION**

**TO:   UNITED STATES ATTORNEY PHILLIP A. TALBERT AND ASSISTANT UNITED STATES ATTORNEY ATTORNEYS KATHERINE LYDON AND DHRUV SHARMA, COUNSEL FOR PLAINTIFF:**

PLEASE TAKE NOTICE that on the above-noted date and time, or as soon thereafter as the matter may be heard, Robert Allen Pooley will and hereby does move to strike surplusage in the indictment.  The motion is supported by the concurrently filed memorandum of points and authorities, the files and records of this case, any additional briefing, and any argument which may be presented at the above-captioned hearing.

# MOTION TO STRIKE SURPLUSAGE

For the reasons below, Mr. Pooley, by and through counsel, hereby moves this Honorable Court to strike surplusage in the indictment, on the grounds that it is prejudicial and irrelevant.

## BACKGROUND

Mr. Pooley is charged by indictment with four counts of wire fraud, in violation of 18 U.S.C. § 1343, and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). *See* ECF No. 1. Section 1343 provides that a person commits wire fraud where, "having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, [he] transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice. . . ." Section 1028A(a)(1) further provides that a person commits aggravated identity theft where, "during and in relation to any felony violation enumerated in subsection (c), [he] knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person. . . ." Upon conviction, § 1028A(a)(1) imposes a mandatory minimum sentence of two years custody, to run consecutive with the term imposed on the underlying felony violation.

In support of the charges, the indictment alleges that, from around May through August, 2016, Mr. Pooley carried out a scheme to fraudulently obtain funds from candidates seeking to obtain their United States Parachute Association ("USPA") D license, USPA Tandem Instructor rating, and/or their certification to use tandem parachute systems manufactured by Uninsured United Parachute Technologies, LLC ("UPT"). The indictment lists seven candidates as alleged victims. According to the indictment, Mr. Pooley misled the candidates to believe they could legitimately receive their USPA ratings and UPT certificates from tandem instructor courses he led, when he knew he could not lead such courses because his relevant USPA and UPT ratings had been suspended. In furtherance of the scheme, Mr. Pooley allegedly used the pre-printed signature of another instructor, named Person 2, on the candidates' application forms, even though that instructor was not present for the training.

As basis for wire fraud, Counts One through Three refer to email wire communications by a course candidate, referred to as Victim 1, and Mr. Pooley. Count Four refers to an email from Mr. Pooley to USPA and Victim 7, attaching Victim 7's UPSA Tandem Instructor Rating Course Proficiency Card bearing the signature of another instructor. Count Five alleges aggravated identity theft for the use of Person 2's signature in connection with Victim 2's application. Count Six alleges aggravated identity theft for the use of Person 2's signature on Victim 7's USPA Tandem Instructor Rating Court Proficiency Card.

In identifying each of the alleged victims, the indictment indicates that Victim 2 is now deceased, and specifically that "Victim 2 and a customer with whom he was tandem skydiving died after falling to the ground near the premises of Organization 1." *See* ECF No. 1 at 2, ¶ 6. The allegations then refer back to this death in later paragraphs. *See id*. at 7, ¶ 32; 8, ¶ 38.

## ARGUMENT

Mr. Pooley now argues that the information regarding Victim 2's death is irrelevant and prejudicial surplusage that must be stricken from the indictment.

**A. The Court Must Strike Irrelevant and Prejudicial Surplusage**

Federal Rule of Criminal Procedure 7(c)(1) provides, in pertinent part, "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . ." Subsection (d) provides, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information."

The purpose of a motion to strike under Federal Rule of Criminal Procedure 7(d) is to protect a defendant against "prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Ramirez*, 710 F.2d 535, 544–45 (9th Cir. 1983); *United States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979). "Prosecutors have been known to insert unnecessary allegations for 'color' or 'background' hoping that these will stimulate the interest of the jurors." 1 Wright, Federal Practice & Procedure § 127, p. 634. An indictment may be read to prospective jurors and to the petit jury, and sometimes the jurors may be given a written copy that is available to them during deliberations. Accordingly, irrelevant and unnecessarily prejudicial allegations in an indictment must be stricken so that they do not influence the jury's

consideration of this case.

The Advisory Committee analyzed Rule 7(d) as follows: "This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7(d) advisory committee note (citation omitted); see *United States v. Milestone*, 626 F.2d 264, 269 (3d Cir.), cert. denied, 449 U.S. 920, 101 S. Ct. 319, 66 L. Ed. 2d 148 (1980). Thus, courts have properly struck aliases from indictments where the alias was not relevant to the issue of the defendant's identification, *see, e.g., United States v. Wilkerson*, 456 F.2d 57 (6th Cir.), cert. denied, 408 U.S. 926, 92 S. Ct. 2507, 33 L. Ed. 2d 337 (1972), and struck prejudicial language describing the nature of a prior felony conviction from an indictment charging defendant with possession of a firearm by a previously convicted felon. *E.g.*, *Poore*, 594 F.2d at 41.

The issue of surplusage is not merely of form. The existence of "surplusage" in an indictment requires reversal when it affects a defendant's substantial rights. *See United States v. Von Stoll*, 726 F.2d 584, 587 (9th Cir. 1984); *United States v. Kartman*, 417 F.2d 893, 894 (9th Cir. 1969).

**B.  References to Victim 2's Death are Irrelevant and Prejudicial Surplusage**

Mr. Pooley moves to strike the following portions of the indictment, ECF No. 1: (1) the phrase "(now deceased)", at page 2, ¶ 6; (2) the second sentence of that same paragraph, "On or about August 6, 2016, Victim 2 and a customer with whom he was tandem skydiving died after falling to the ground near the premises of Organization 1.", at page 2, ¶ 6; (3) the phrase, "after his fatal accident," at page 7, ¶ 32, line 7; and (4) the phrase, "In the period after Victim 2 died on August 6, 2016 while tandem jumping. . ." at page 8, ¶ 38, lines 23–24. *See* ECF No. 1.

As grounds and as detailed below, the information referenced is irrelevant and prejudicial surplusage that must be stricken from the indictment.

*1.  References to Victim 2's Death are Irrelevant and Immaterial*

Any references to Victim 2's death are irrelevant and immaterial to the charges alleged in the indictment. Victim 2's death is relevant only if it makes a fact of consequence to the action more or less probable. *See* Fed. R. Evid. 401.

Mr. Pooley is charged with a wire fraud scheme and using the signature of another person during and in relation to that scheme. To convict Mr. Pooley, the government must prove that: (1) he knowingly devised a scheme to defraud and to obtain money by means of false and fraudulent pretenses, representations, promise, half-truths, and omissions; (2) the statements made, or omitted, as part of the scheme were material; (3) he acted with the intend to defraud; and (4) he used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme. *See* Model Crim. Jury Instr. 9th Cir. 15. (2023).

The fact of and circumstances surrounding Victim 2's death have absolutely nothing to do with the alleged fraud scheme. The death is not an element of the offense, and proving the death is not required to secure a conviction.

Further, it provides neither background information nor context to the alleged scheme. To be sure, Victim 2's death spurred a larger investigation that led to the instant charges against Mr. Pooley. However, it bears no legal relevance to those charges. Removing the specified phrases does nothing to alter the meaning of the indictment or render it incomplete or confusing.

### 2. The References to Victim 2's Death are Prejudicial to Mr. Pooley

Rather, the inclusion of Victim 2's death serves only to prejudice Mr. Pooley. "The inclusion of clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues and blur the elements necessary for conviction can be prejudicial." *United States v. Sam*, No. CR 6:15-00254, 2016 WL 3349342, at *2 (W.D. La. June 13, 2016) (internal citations omitted).

Victim 2's death is a tragic incident occurring around the time of the alleged fraud that could upset the jury and give the government an unfair advantage in gaining juror sympathy. It could further confuse issues at trial, resulting in a conviction for unrelated deaths, rather than for the wire fraud scheme and aggravated identity theft with which Mr. Pooley is charged. Indeed, "the prosecution 'may not use the indictment as a vehicle to persuade the jury that the crime alleged has great and hidden implications.'" *United States v. Pac. Gas & Elec. Co.*, No. 14-CR-00175-TEH-1, 2014 WL 4954040, at *3 (N.D. Cal. Sept. 29, 2014) (citing *United States v. Brighton Bldg. & Maint. Co*, 435 F.Supp. 222, 230–31 (N.D. Ill. 1977)).

## CONCLUSION

The Court should strike all surplusage objected to and detailed by Mr. Pooley, on the grounds that it is both prejudicial and irrelevant to the charges pending against him.

Dated: February 5, 2024

HEATHER E. WILLIAMS
Federal Defender

*/s/ Meghan McLoughlin*
MEGHAN McLOUGHLIN
MIA CRAGER
Assistant Federal Defenders
Attorneys for Defendant
ROBERT ALLEN POOLEY