PHILLIP A. TALBERT
United States Attorney
KATHERINE T. LYDON
DHRUV M. SHARMA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:21-cr-00111-WBS |
|---|---|
| Plaintiff, | UNITED STATES' OPPOSITION TO POOLEY'S MOTION TO DISMISS COUNTS 5 AND 6 OF THE INDICTMENT |
| v. | |
| ROBERT ALLEN POOLEY, | DATE: March 4, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |
| Defendant. | |

The United States hereby submits its opposition to Pooley's Motion to Dismiss Counts 5 and 6 of the Indictment. For the reasons stated herein, the Court should deny the motion.

**I.     INTRODUCTION**

Pooley's motion has no basis in law or fact. It relies solely on Justice Gorsuch's concurrence in the U.S. Supreme Court case *Dubin v. United States*, 599 U.S. 110 (2023), espousing an argument that was explicitly rejected by the majority. In essence, Pooley is asking this Court to do what the Supreme Court declined to do in *Dubin*, which is to declare 18 U.S.C. section 1028A(a)(1) void in its entirety. Like every court to consider this question since *Dubin*, the Court should decline to invalidate this statute, and deny Pooley's motion.

**II.    LEGAL AUTHORITY**

A conviction under "a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement" violates a defendant's Fifth

Amendment rights. *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) (citation omitted); *Kasheem v. Barr*, 941 F.3d 358, 364 (9th Cir. 2019). "A statute violates due process of law if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Hugs*, 384 F.3d 762, 768 (9th Cir. 2004) (citation omitted).

### III.   ARGUMENT

**A.  Section 1028A(a)(1) is Not Unconstitutionally Vague as Applied to Pooley**

Pooley's motion should be denied because section § 1028A(a)(1) neither fails to give him fair notice of the conduct it punishes, nor is so standardless that it invites arbitrary enforcement. The statute provides as follows: "Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A (a)(1). As an initial matter, Pooley fails to identify the specific language in this statute that is apparently so vague that it fails to provide him with adequate notice of the charged conduct. In other words, it is unclear from Pooley's motion what about the statutory language he finds vague.

The Indictment is otherwise very clear on how he violated this statute, and demonstrates in turn how the statute is unambiguous. Pooley engaged in a scheme to defraud candidates seeking a certification that would allow them to engage in tandem skydiving, known as a Tandem Instructor rating. (*See* ECF No. 1, ¶ 28). In furtherance of this scheme, he falsely held himself out as possessing a certification, a Tandem Instructor Examiner rating, that would allow him to train these candidates. (*See id*. at ¶ 30). In actuality, Pooley's Tandem Instructor Examiner rating had been suspended by the governing bodies. (*See id*. at ¶¶ 23-24). To get around this fact, Pooley used the signatures of another qualified Tandem Instructor Examiner, Person 2, to complete the certification paperwork the candidates needed to obtain their Tandem Instructor rating. (*See id.* at ¶¶ 35, 37). Ultimately, Counts 5 and 6 of the Indictment make clear that Pooley knowingly possessed and used, without lawful authority, a means of identification of Person 2, during and in relation to his scheme to commit felony wire fraud, and lists the specific instances that the government believes violates section 1028A(a)(1). (*See id*. at pp. 9-10). In

short, Pooley has received adequate notice of the conduct that the government believes violates section 1028A(a)(1). Pooley fails to identify any vagueness in the statute as applied to his case, and for that reason alone, the motion should be denied.

### B.  Pooley's Motion Finds No Support in *Dubin*

Pooley's motion relies nearly exclusively on the concurrence in *Dubin*. In *Dubin*, the Supreme Court held that, under Section 1028A(a)(1), a defendant "uses" another person's means of identification "in relation to" a predicate offense when the use is at the crux of what makes the conduct criminal. *See Dubin*, 599 U.S. at 126-129. Dubin was convicted of healthcare fraud under 18 U.S.C. § 1347 after he overbilled Medicaid for psychological testing performed by the company he helped manage. *Id*. at 113. He was also convicted of aggravated identity theft for using a patient's Medicaid reimbursement number in the bill. *Id*. at 114. The Court concluded that the "petitioner's use of the patient's name was not at the crux of what made the underlying overbilling fraudulent (which instead) was a misrepresentation about the qualifications of petitioner's employee," and thus held that the petitioner had not "used" the patient's means of identification for purposes of section 1028A(a)(1). *Id*. at 132.

*Dubin* provides no support for Pooley's position. The very fact that the Supreme Court analyzed the statute and advanced a method for interpreting a term central to its application undermines any argument that section 1028A is unconstitutionally vague. Moreover, applying the *Dubin* analysis, Pooley's use of Person 2's identification was clearly at the "crux" of his overall scheme to defraud – as discussed in the Indictment, it was necessary to accomplish the purpose of the scheme and to circumvent detection. (*See* ECF No. 1, ¶ 35). In short, the charge against Pooley easily withstands any scrutiny under *Dubin*.

It is unsurprising, then, that Pooley relies not on the majority opinion, but on criticisms expressed in J. Gorsuch's concurrence finding fault with the majority's "crux" test because it offers "no sure way" to "separate conduct that gives rise to liability from conduct that does not." *Dubin*, 599 U.S. at 136-137. But even this concurring opinion, while lamenting a lack of clarity in the statute, does not advocate for the position that Pooley advances. J. Gorsuch recognizes that the problems he has identified can only be fixed by Congress, and in the meantime, the majority has "done the best it might to make sense of this statute." *Id*. at 138-139. For its part, the majority explicitly rejects J. Gorsuch's criticism of the statute,

stating:

> Adrift in a blizzard of its own hypotheticals, the concurrence believes that it is too difficult to discern when a means of identification is at the crux of the underlying criminality…The concurrence's bewilderment is not, fortunately, the standard for striking down an Act of Congress as unconstitutionally vague. There will be close cases, certainly, but that is commonplace in criminal law. Equally commonplace are requirements that something play a specific role in an offense, whether that role is articulated as a "nexus," *Marinello v. United States*, 584 U. S. ——, ——, 138 S.Ct. 1101, 1109, 200 L.Ed.2d 356 (2018), a "locus," *Jones v. United States*, 529 U.S. 848, 855–856, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), or "proximate cause," *Robers v. United States*, 572 U.S. 639, 645, 134 S.Ct. 1854, 188 L.Ed.2d 885 (2014). Such requirements are not always simple to apply. Yet resolving hard cases is part of the judicial job description. Hastily resorting to vagueness doctrine, in contrast, would hobble legislatures' ability to draw nuanced lines to address a complex world. Such an approach would also leave victims of actual aggravated identity theft, a serious offense, without the added protection of § 1028A(a)(1).

*Dubin*, 599 U.S. at 132, n.10.

Like the majority in *Dubin*, this Court should also reject Pooley's hasty resort to the vagueness doctrine.

### C. Courts That Have Considered This Challenge Since *Dubin* Have Rejected It

Since J. Gorsuch issued his opinion, defendants like Pooley have tried in vain to apply it in a manner that would invalidate section 1028A(a)(1) in its entirety. Courts that have considered this challenge have ruled against it. *See e.g. United States v. Gladden*, 78 F.4th 1232, 1247 (11th Cir. 2023) ("we decline to find that Section 1028A is unconstitutionally vague"); *United States v. Iannelli*, 2023 WL 7165109, at *3 (D. Mass. 2023) (noting that the *Dubin* Court cast significant doubt on future void-for-vagueness challenges to 18 U.S.C. § 1028A(a)(1)); *United States v. Demasi*, 2023 WL 8007341, at *6 (E.D. Mich. 2023) (section "1028A is not void for vagueness because Defendant has not shown that ordinary people cannot understand what conduct is prohibited by § 1028A, has not shown that § 1028A encourages arbitrary or discriminatory enforcement, and has not shown that § 1028A failed to sufficiently warn him that his alleged conduct…violated the statute). And, while the Ninth Circuit has not squarely addressed this issue, it has issued several opinions in the past interpreting various terms in the statute, and in doing so has implicitly demonstrated that the statute, as a whole, is not vague. *See e.g. United States v. Osuna-Alvarez*, 788 F.3d 1183, 1185-86 (9th Cir. 2015) (the phrase "without lawful authority" in section 1028A is "unambiguous"); *United States v. Gaither*, 423 F. App'x 719, 720 (9th Cir. 2011) ("the term "person" as used in § 1028A(a)(1) includes both living and deceased persons");

*United States v. Popa*, 361 F. App'x 854, 856 (9th Cir. 2010) ("Falsified drivers' licenses and stolen credit cards used by defendant were the "means of identification" of another person as required for aggravated identity theft convictions). Consistent with these opinions, the Court should also deny Pooley's motion.

### IV. CONCLUSION

For the aforementioned reasons, the Court should deny the motion.

Dated: February 20, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ DHRUV M. SHARMA
DHRUV M. SHARMA
Assistant United States Attorney