# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT POOLEY,<br><br>Defendant. | CASE NO. 2:21-CR-111 WBS<br><br>DECLARATION OF CHARLES WILKERSON |

I, Charles Wilkerson, declare under penalty of perjury that the following is true and correct to the best of my knowledge.

1. I am an Assistant Special Agent in Charge with the Computer Crimes Unit of the U.S. Department of Transportation-Office of Inspector General. I have been in this role since 2021 and have been with the CCU since 2016. Before that, I was a Special Agent with the Secret Service since 2005. I and most personnel at the CCU are based in Washington, D.C., but we provide forensic expertise and support to DOT-OIG personnel and cases all over the country.

2. I was one of two individuals assigned to acquire electronic data with respect to the Parachute Center search warrant. In this capacity, I participated in seizing, copying (or, in technical parlance, "imaging"), and extracting the electronic devices seized from Parachute Center, including the computer with serial number Z3TQ24TJ.

3. In this case, seizing and imaging largely occurred on-site, and the imaging of the computer with serial number Z3TQ24TJ was done on-site. I then took the images of the devices to the CCU in D.C. for ingestion and processing.

4. I utilized software to ingest the data and quality checked to make sure there was no issue with the execution of the software. By "ingesting," I mean using forensic software (here, Nuix) to index each piece of data and represent it in human-readable format.

5. I prepared the Computer Crimes Unit (CCU) Media Data Extraction (MDE) form attached to the defendant's Motion to Suppress as Exhibit H.

6. These MDE forms are always filled out by CCU, typically by the CCU person who collates the images of multiple devices into one drive to be put into evidence. It is an administrative form used within the CCU. The purpose of the form is to set forth any technical details or requests. It also documents the devices ingested by serial number.

7. Box 5 is intended to either be a general description or document any keywords utilized for purposes of the ingestion into Nuix and processing (for example, if there were taint keywords that should be hidden from the case agent's view). It represents our notes based on our conversation with the case agent. It does not relate to and is not intended to encompass or describe the responsiveness review with respect to Attachment B of the search warrant. After the CCU ingests the data into Nuix, it is the case agent's responsibility to review the documents for responsiveness to Attachment B.

8. The CCU has the technical capability to apply date limitations if requested by the case agent. It appears date limitations were not originally applied at the CCU-level in this case.

9. However, once it was brought to our attention recently, the CCU removed the case agents' access to the electronic case. The case agents' access to the case will not be restored until the CCU has finished applying date filters so that when the agents log into the case they will only be able view items created, modified, or in use on or after July 1, 2015.

10. It is the CCU's normal practice to provide a full image of the electronic devices in discovery. Thus the copy defense counsel receives does not represent the fruits of the case agent's review of a computer for responsiveness to Attachment B, but rather is the entire computer.

Dated: February 20, 2024

By: */s/ Charles Wilkerson*
      Charles Wilkerson