HEATHER E. WILLIAMS, #122664
Federal Defender
MIA CRAGER, #300172
MEGHAN McLOUGHLIN, #354051
Assistant Federal Defenders
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: (916) 498-5700
Fax: (916) 498-5710

Attorneys for Defendant
ROBERT ALLEN POOLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> *Plaintiff*, </br></br> vs. </br></br> ROBERT ALLEN POOLEY </br></br> *Defendant*. | Case No. 2:21-cr-00111-WBS </br></br> **REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS FIVE AND SIX OF THE INDICTMENT** </br></br> Date: March 4, 2024 </br> Time: 9:00 A.M. </br> Judge: Hon. William B. Shubb |

The government fails to articulate a workable standard for determining whether a defendant's use of a means of identification is at the crux of the criminality of an underlying offense, pursuant to 18 U.S.C. § 1028A(a)(1) and *Dubin v. United States*, 599 U.S. 110 (2023). There is none. The statute is unconstitutionally vague.

**A. Section 1028A, as Interpreted by the Supreme Court, Fails to Provide a Standard By Which to Measure Proscribed Conduct**

To be clear, Mr. Pooley argues that 18 U.S.C. § 1028A(a)(1)'s language "transfers, possesses, or uses" in conjunction with "in relation to" any enumerated felony, as interpreted by the Supreme Court in *Dubin v. United States*, 599 U.S. 110 (2023), is unconstitutionally vague. Under *Dubin*, an individual "'uses' another person's means of identification 'in relation to' a predicate offense when this use is at the crux of what makes the conduct criminal. 599 U.S. at 131. While the *Dubin* Court certainly narrowed the scope of § 1028A, it left lower courts and

ordinary individuals with no workable standard to determine what conduct is "at the crux" of the criminality of an offense. As a result, the statute fails to give fair notice of the conduct it punishes and invites arbitrary enforcement. *Johnson v. United States*, 576 U.S. 591, 595–96 (2015).

The allegations against Mr. Pooley exemplify this issue. The indictment details an alleged fraud scheme by Mr. Pooley, the object of which was to defraud candidates seeking tandem instructor certifications that would allow them to work as Tandem Instructors. He did so despite lacking the necessary credentials necessary to train the candidates, and used the signature of another person with those credentials, Person 2, to complete the candidates' certification paperwork. It does not suffer from a dearth of facts. Rather, assuming those facts to be true, the question is whether § 1028A provides sufficient notice that they fall within its scope.

The government maintains that Mr. Pooley's use of Person 2's identification was "clearly" at the crux of the overall scheme to defraud because it was necessary to accomplish its purpose and to circumvent detection. ECF No. 49, *United States' Opposition to Pooley's Motion to Dismiss Counts Five and Six of the Indictment* ("Opposition") at 3. However, just because a means of identification is necessary to a fraud scheme does not render it a key player in the offense or at the crux of the criminality. As explained by the *Dubin* Court, "being at the crux of the criminality requires more than a causal relationship, such as 'facilitation' of the offense or being a but-for cause of its success." *Dubin*, 599 U.S. 110, 131.

Indeed, "[i]n virtually every fraud, a 'means of identification' plays some critical role in the fraud's success." *Id*. at 135 (Gorsuch, J. concurring). Even in *Dubin*, the defendant could not have successfully billed the insurance provider without accurately offering up some specific patient's name and information. The fraudulent scheme and its success "depended on purloining the specific identity of a 'Texas Medicaid enrollee who had at least three hours of psychological-testing reimbursement left in his or her account.'" *Id*. at 137 (Gorsuch, J. concurring).

Thus, the question remains: "When, exactly, is a 'means of identification' 'at the crux,' 'a key mover,' or a 'central role' player in an offense?" *Id*. at 135 (Gorsuch, J. concurring). There is no standard to apply to Mr. Pooley's case.

Reply in Support of
Motion to Dismiss Counts Five and Six
-2-
United States v. Pooley
2:21-cr-00111-WBS

The cases cited by the government provide no assistance. To be sure, the Eleventh Circuit has declined to find § 1028A unconstitutionally vague, but in a case where the defendant failed to preserve the argument at the district court level or in her appellate briefing. *See United States v. Gladden*, 78 F.4th 1232, 1246–47 (11th Cir. 2023) (noting that defendant failed to preserve the void-for-vagueness argument before declining to find Section 1028A unconstitutionally vague). As a result, the Court did so where the issue was not properly presented and without any briefing or substantive argument.

Where the issue has been fully briefed and argued, district courts have declined to find the statute vague on the grounds that the statute clearly proscribes the defendant's conduct. In *United States v. Iannelli*, the court held that the allegations "leave little doubt that the defendant's alleged use of the [a] signature stamp to write herself an unauthorized check is clearly proscribed by the aggravated identity theft statute." No. CR 22-10069-NMG, 2023 WL 7165109, at *3 (D. Mass. Oct. 31, 2023). Similarly, in *United States v. Demasi*, the court held that the defendant's alleged use of student employees' personal financial information to open credit cards in their name for his own financial benefit was clearly proscribed by § 1028A, and therefore the statute is not unconstitutionally vague. No. 1:22-CR-20670, 2023 WL 8007341 at *6 (E.D. Mich. Nov. 17, 2023).

Here, the facts are not so straightforward. For all the reasons stated above, Mr. Pooley's alleged conduct is not clearly proscribed by statute and its "at the crux" requirement.

**B. Any Additional As-Applied Analysis Should be Deferred Until After the Close of Evidence**

To the extent the Court requires additional facts outside the indictment or must resolve factual issues in making its determination, it should not deny Mr. Pooley's *Motion to Dismiss*, but defer ruling until after trial.

Generally, pretrial motions should be ruled on unless there is "good cause to defer a ruling." FED. R. CRIM. P. 12(d). "Good cause exists and a decision should be deferred if disposing of the pretrial motion requires making factual determinations that 'fall[ ] within the province of the ultimate finder of fact.'" *United States v. Turner*, 842 F.3d 602, 605 (8th Cir.

Reply in Support of
Motion to Dismiss Counts Five and Six
-3-
United States v. Pooley
2:21-cr-00111-WBS

2016) (citing *United States v. Wilson*, 26 F.3d 142, 159 (D.C. Cir. 1994); *see also United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452–53 (9th Cir. 1986) (affirming trial court's decision to defer ruling on motion that raised both question of fact and law). Where a court must resolve factual issues related to the offense in order to rule on an as-applied constitutional challenge, it is appropriate to defer ruling until after trial. *Turner*, 842 F.3d at 605 (reversing denial of motion to dismiss where void-for-vagueness challenged required resolution of facts).

### C. Conclusion

It is clear that "Section 1028A(a)(1) simply does too little to specify which individuals deserve the inglorious title of 'aggravated identity thief.' That is a problem Congress alone can fix." *Id*. at 139 (Gorsuch, J. concurring). Until it does, "[w]hen Congress passes a vague law, the role of courts under our Constitution is not to fashion a new, clearer law to take its place, but to treat the law as a nullity and invite Congress to try again." *United States v. Davis*, 588 U. S. ___, ___, 139 S. Ct. 2319, 2323 (2019).

For the reasons stated above and in Mr. Pooley's *Motion to Dismiss Counts Five and Six of the Indictment*, ECF No. 43, the Court should find that 18 U.S.C. § 1028A(a)(1) is unconstitutionally vague and dismiss Counts Five and Six.


Date: February 27, 2024                    HEATHER E. WILLIAMS
                                           Federal Defender


                                           */s/ Meghan McLoughlin*
                                           MEGHAN McLOUGHLIN
                                           MIA CRAGER
                                           Assistant Federal Defenders
                                           Attorneys for Defendant
                                           ROBERT ALLEN POOLEY