HEATHER E. WILLIAMS, #122664
Federal Defender
MIA CRAGER, #300172
MEGHAN McLOUGHLIN, #354051
Assistant Federal Defenders
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: (916) 498-5700
Fax: (916) 498-5710

Attorneys for Defendant
ROBERT ALLEN POOLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 2:21-cr-00111-WBS |
|---|---|---|
| Plaintiff, | ) ) ) | **REPLY IN SUPPORT OF MOTION TO STRIKE SURPLUSAGE** |
| vs. | ) ) | Date: March 4, 2024 |
| ROBERT ALLEN POOLEY | ) ) | Time: 9:00 A.M. Judge: Hon. William B. Shubb |
| Defendant. | ) ) ) | |

**I.    INTRODUCTION**

As an initial matter, Mr. Pooley agrees with the government that if the Court does not intend to present the indictment to the jury, his *Motion to Strike Surplusage* ("Motion to Strike"), ECF No. 44, is moot, as there will be no prejudice. *See United States v. Hedgepeth*, 434 F.3d 609, 613 (3d Cir. 2006).

On the other hand, if the Court plans to provide the jury with the indictment, surplusage must be stricken, as it is neither relevant nor material to the charges and prejudicial to Mr. Pooley.

**II.    ARGUMENT**

In the *United States' Opposition to Pooley's Motion to Strike Surplusage* ("Opposition"), ECF No. 50, the government agrees that, under Fed. R. Crim. P. 7(d) and Ninth Circuit law, the Court must strike any prejudicial or inflammatory allegations that are neither relevant nor

material to the charges. ECF No. 50, Opposition at 8. However, the government broadens the standard of relevance to go beyond the charges in the indictment to any matter that may come up at trial, including witness credibility, jury speculation, anticipated defenses, and the government's need for evidentiary richness and narrative integrity in presenting a case. For the reasons stated below, this is contrary to the Federal Rules of Criminal Procedure and established law.

To that end, the government cannot show that the references to Victim 2's and a customer's deaths, as detailed in Mr. Pooley's *Motion to Strike*, are legally relevant to the charges against him. Because those references are also prejudicial, they are surplusage and must be stricken from the indictment.

### A. The Deaths are Neither Relevant nor Material to the Charges

*1. Allegations in the Indictment Must be Relevant to the Charges*

"The purpose of a motion to strike under Fed. R. Crim. P. 7(d) is to protect a defendant against 'prejudicial or inflammatory allegations that are neither relevant nor material *to the charges*'". *United States v. Terrigno*, 838 F.2d 371, 373–74 (9th Cir. 1988) (emphasis added) (citing *United States v. Ramirez*, 710 F.2d 535, 544–45 (9th Cir. 1983)); *see e.g.*, *United States v. Laurienti*, 611 F.3d 530, 546–47 (9th Cir. 2010); *United States v. Pac. Gas & Elec. Co.*, No. 14-CR-00175-TEH-1, 2014 WL 4954040, at *2 (N.D. Cal. Sept. 29, 2014). "The Rule is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974). Thus, in the context of a motion to strike surplusage, the question is whether the allegations are relevant or material to the charges, not whether they are relevant to any issues that may, or may not, arise during trial.

The government's argument to the contrary is misplaced, and would have the Court consider whether the allegations could be relevant to any issue at trial, including witness bias, credibility, or anticipated defenses. While courts have interpreted the Ninth Circuit's relevance standard as "fairly broad" in the context of a motion to strike surplusage, all allegations must be tied to the charges themselves.

Indeed, in all cases cited by the government, the Ninth Circuit and district court upheld

denials to strike potentially prejudicial language in an indictment on the grounds that it was relevant to proving an element of the offense or the defendant's state of mind. *See e.g.*, *Laurienti*, 611 F.3d at 546–47 (upholding the use of the adjective "unlawful" to describe defendants' undisclosed bonus commissions as relevant because the government intended to prove that defendants had a duty to disclose bonus commissions, and that they did not disclose them in the context of an overall scheme to defraud); *Terrigno*, 838 F.2d 371, 373 (finding statement that embezzled funds were destined for the "poor and homeless" relevant to the charge of embezzlement, because the government had to prove that the defendant had the intent to convert money belonging to an agency of the United States); *Pac. Gas & Elec. Co.*, 2014 WL 4954040, at *3–4 (finding evidence of death, injuries, and pipeline explosions as relevant to showing the specific intent that defendant acted corruptly for purposes of obstruction charges, and relevant to the defendant's knowing and willing mental state regarding its maintenance of its pipelines).

As a result, in order to show that the statements regarding Victim 2's and the customer's deaths are relevant and material, the government must connect them, legally, to the charges themselves.

### 2. *The Deaths Are Irrelevant and Immaterial to the Charges*

Much of the government's Opposition argues that the deaths are relevant to issues other than the charges, including witness credibility, preventing jury speculation, anticipated defenses, and the government's "need for evidentiary richness and narrative integrity in presenting a case." ECF No. 50, Opposition at 12 (citing *Old Chief v. United States*, 519 U.S. 172, 183 (1997)). Because these considerations go far beyond the charges alleged, they are not appropriate in the context of striking surplusage, and are more suited for a determination as to admissibility at trial.

With regard to the charges, the government argues that the deaths are relevant to Mr. Pooley's "foreshadowed defense that his scheme was of little consequence," and are therefore relevant to the materiality element of wire fraud. ECF No. 50, Opposition at 18. Upon inspection, however, the deaths have no bearing on the materiality element of wire fraud.

"In order to prove a 'scheme to defraud,' the jury must find that the defendant employed

'material falsehoods.'" *United States v. Lindsey*, 850 F.3d 1009, 1013 (9th Cir. 2017) (citing *Neder v. United States*, 527 U.S. 1, 20 (1999)). "[A] false statement is material if it has a natural tendency to influence, or is capable of influencing the decisionmaker to whom the statement was addressed" to part with money or property. *United States v. Galecki*, 89 F.4th 713, 737 (9th Cir. 2023) (internal citations and quotations omitted); *see also* Ninth Circuit Jury Instructions Committee, Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 15.35 Wire Fraud (August 2023).

It is unclear how the deaths render Mr. Pooley's alleged falsehoods material. The government points to statements made by Mr. Pooley during interviews with agents of the Department of Transportation in January 2018, years after the events described in the indictment. ECF No. 50, Opposition at 18. During the interviews, Mr. Pooley called the required training supervision "silly" and referred to required signatures on certification paperwork as something to "appease the USPA." *Id*. (citing ECF No. 50-23, Opposition Exhibit 22). Of course, those statements were not made to the alleged victims of the fraudulent scheme, and therefore are not relevant to the inquiry. Further, what *Mr. Pooley* thinks of the certification requirements is not the question: falsehoods must be material, or capable of influencing, the decisionmaker to whom the statement was addressed, or the alleged victims. *Galecki*, 89 F.4th at 737.

The government also refers to Mr. Pooley's alleged misrepresentations to the Tandem Course candidates that he was a certified Tandem Examiner who could validly teach and certify them to jump with clients. ECF No. 50, Opposition at 18. The fact that Victim 2 and a customer died while tandem skydiving does not have a tendency to make the materiality of this statement more or less probable. *See* FED. R. EVID. 401. Those deaths simply have absolutely nothing to do with whether Mr. Pooley was certified to conduct Tandem Instructor courses. As the indictment alleges, Mr. Pooley's Tandem Examiner ratings were suspended in August 2015. *See* ECF No. 1 at ¶¶ 21–24. The deaths did not occur until August 6, 2016. *Id*. at ¶ 38.

       3. <u>Reference to the Death is Otherwise Unnecessary for a Cohesive Narrative</u>

In some cases, courts have declined to strike allegedly surplus background information where it provided necessary context for the defendant's conduct. *See Pac. Gas & Elec. Co.*, 2014

WL 4954040, at *3 (citing *United States v. Poindexter*, 725 F. Supp. 13, 35–37 (D.D.C. 1989)) (acknowledging need for background information in some obstruction cases).  However, courts have done so only where it would be difficult, if not impossible, for the jury to understand the defendant's conduct without that background.  *Poindexter*, 725 F. Supp. 13, 35–37.  See also *United States v. Root*, 366 F.2d 377, 381 (9th Cir. 1966) ("Words that are employed in an indictment that are descriptive of that which is legally essential to the charge in the indictment cannot be stricken out as surplusage.")

Here, as the government has stated, the indictment "does not even draw any connections between the accident and the charges against [Mr.] Pooley."  ECF No. 50, Opposition at 11.  Their removal would do nothing to the narrative in the indictment or render it incomprehensible.

### B. References to the Deaths in the Indictment Are Prejudicial

As stated in Mr. Pooley's *Motion to Strike*, references to the deaths are clearly prejudicial.  See *United States v. Sam*, No. CR 6:15-00254, 2016 WL 3349342, at *2 (W.D. La. June 13, 2016) (internal citations omitted) ("The inclusion of clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues and blur the elements necessary for conviction can be prejudicial.").

It is beyond dispute that the deaths of others are tragic and upsetting, albeit simple, facts that can upset a jury.  Courts consistently find as such.  See e.g., *Pac. Gas & Elec. Co.*, 2014 WL 4954040, at *4 (acknowledging the potential for prejudice in references to deaths, injuries, and property damage); *United States v. Hofstetter*, No. 3:15-CR-27-TAV-DCP, 2019 WL 4232294, at *6, 9 (E.D. Tenn. Aug. 9, 2019), report and recommendation adopted, No. 3:15-CR-27-TAV-DCP, 2019 WL 4228363 (E.D. Tenn. Sept. 5, 2019) (finding allegations of the deaths of clinic patients, other than those directly relevant to sentencing enhancements, highly prejudicial to defendants).  As a result, including references to the deaths of Victim 2 and a customer with whom he was skydiving is prejudicial to Mr. Pooley, especially in light of their irrelevance to the charges themselves, as stated above, *supra*.

### III. CONCLUSION

The Court should grant Mr. Pooley's Motion to Strike, on the grounds that the language

is both prejudicial and irrelevant to the charges pending against him.

Dated: February 27, 2024              HEATHER E. WILLIAMS
                                      Federal Defender


                                      */s/ Meghan McLoughlin*
                                      MEGHAN McLOUGHLIN
                                      MIA CRAGER
                                      Assistant Federal Defenders
                                      Attorneys for Defendant
                                      ROBERT ALLEN POOLEY