HEATHER E. WILLIAMS, #122664
Federal Defender
MIA CRAGER, #300172
MEGHAN McLOUGHLIN, #354051
Assistant Federal Defenders
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700
Mia_Crager@fd.org

Attorneys for Defendant
ROBERT POOLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No.  2:21-cr-00111-WBS |
|---|---|---|
| Plaintiff, | ) ) | **SUPPLEMENTAL BRIEF RE MOTION TO SUPPRESS EVIDENCE** |
| vs. | ) ) | |
| ROBERT POOLEY, | ) ) | Date:   March 4, 2024 Time:  9:00 A.M. |
| Defendant. | ) ) ) | Judge:  Hon. William B. Shubb |

The defense filed its reply brief regarding its motion to suppress on February 27, 2024. Dkt. 56. On February 28, 2024, the government contacted defense counsel via email. The government indicated that, in preparation for filing its opposition brief, it had requested and obtained an order from a magistrate judge to allow the government to further search the electronic data and devices discussed in the motion to suppress. Exh. J at ¶¶ 2-3.

The Request and the Order are attached here as Exhibits K (Request) and L (Order), both dated February 15, 2024. The defense provides these documents to the Court because they bear on issues raised by the motion to suppress and subsequent briefing.

It only became clear when the government filed its opposition to the motion to suppress (Dkt. 51) that the government had retained all the data from all the electronic devices and storage media at the Parachute Center. Indisputably, this data contains some items responsive to the

warrant and a large swath of items irrelevant to the warrant.

The government's position is that it can retain irrelevant electronic data on all the media forever, because the warrant allowed agents to seize all the data and search it.  The time restriction in the warrant, according to the government, is just a time restriction on how long they are allowed to search the data and has no bearing on how long they are allowed to retain the irrelevant data that is not responsive to the warrant.  As of February 15, 2024, there is no longer any time restriction whatsoever.  *See* Exh. L ("The 120-day time parameter for identification and extraction of relevant data from the images in paragraph 28(g) of the affidavit is removed.").  The February 15th Order indicates that the government intends to keep terabytes of irrelevant data into perpetuity.

The defense position is that retention of all this data is unconstitutional.  In effect, it is a seizure of thousands, or millions, of documents outside the scope of the warrant.  Searching the forensic images offsite was merely a more practical substitute for having agents sit in the Parachute Center manually searching their computers.  The warrant did not intend – and indeed the Fourth Amendment does not allow – the dragnet approach the government takes now.

Analogizing to paper documents, this situation is like if the police seized all of a business's file cabinets because they were too voluminous to sort through on site.  That does not mean that once the police find the relevant documents, they can hang on to the irrelevant ones too.  Hanging on to irrelevant documents is an unreasonable seizure in violation of the Fourth Amendment.

As the Ninth Circuit has said, "the wholesale *seizure* for later detailed examination of records not described in a warrant is significantly more intrusive, and has been characterized as the kind of investigatory dragnet that the fourth amendment was designed to prevent." *United States v. Tamura*, 694 F.2d 591, 595 (9th Cir. 1982) (citation and quotation marks omitted).  Considering *Tamura* a few decades later, the en banc Ninth Circuit recalled, "We disapproved the wholesale seizure of the documents and particularly the government's failure to return the materials that were not the object of the search once they had been segregated." *United States v.*

*Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1169 (9th Cir. 2010) (en banc).

The government in *Comprehensive Drug Testing* had a warrant to seize electronic information regarding ten baseball players. *Id.* at 1166. In executing the warrant, the officers seized a large amount of other electronic data intermingled with the data responsive to the warrant, including data from entire computers. *Id.* at 1168. The issue was whether the government could keep data nonresponsive to the warrant if they believed it was evidence of a different crime and it was in "plain view" when they were searching the computers. *Id.* at 1170. The en banc Ninth Circuit rejected the government's "plain view" rationale, warning that it would "make a mockery of *Tamura*[.]" *Id.* at 1171.

If it were true, as the government asserts in this case, that the police can retain all electronic data once it is forensically imaged, there would have been no fight in *Comprehensive Drug Testing* about what was in "plain view" or not. Under the theory the government now advances, the agents in *Comprehensive Drug Testing* could have kept (1) any data that was evidence of a crime stated in the warrant, (2) any data that was evidence of another crime, and (3) any data that had nothing to do with any crime. That is not what the law says. According to the law, police can only keep the first category. The government's position that it can keep everything forever makes a mockery of the Fourth Amendment. "The process of segregating electronic data that is seizable from that which is not must not become a vehicle for the government to gain access to data which it has not probable cause to collect." *Id.* at 1177.

Dated: February 29, 2024                                HEATHER E. WILLIAMS
                                                        Federal Defender

                                                        /s/*MIA CRAGER*
                                                        MIA CRAGER
                                                        MEGHAN McLOUGHLIN
                                                        Assistant Federal Defenders
                                                        Attorneys for Defendant
                                                        ROBERT POOLEY

-3-

Suppl. Br. re Motion to Suppress                                *U.S. v. Pooley,*
                                                                 2:21-cr-00111-WBS