UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROBERT ALLEN POOLEY,<br><br>　　　　Defendant. | No. 2:21-cr-0111 WBS<br><br>MEMORANDUM AND ORDER RE:<br>MOTION TO SUPPRESS |

----oo0oo----

Defendant moves to suppress evidence seized during the execution of a search warrant at the Lodi Parachute Center. (Mot. to Suppress (Docket No. 45).) The court held a hearing on the motion on March 4, 2024.[1]

---

[1] At the March 4, 2024 hearing, the court also held oral argument on defendant's motion to strike and motion to dismiss. (Docket Nos. 43, 44.) For the reasons stated on the record at the hearing, defendant's motion to strike is DENIED, and defendant's motion to dismiss is DENIED WITHOUT PREJUDICE. The court expresses no opinion as to whether a motion to dismiss under Federal Rule of Criminal Procedure 12 at the time of trial would be timely.

1

I.   Standing

As an initial matter, defendant only has standing to challenge a search where he has a reasonable expectation of privacy in the place searched or the item seized.  See Smith v. Maryland, 442 U.S. 735, 740 (1979).  Further, defendant has the burden of proving both a subjective expectation and objective expectation of privacy.  See United States v. Caymen, 404 F.3d 1196, 1199-1200 (9th Cir. 2005).

Here, defendant has not shown that he had a legitimate expectation of privacy in any areas of the Parachute Center, with the possible exception of his personal locker and the items therein.  See, e.g., United States v. SDI Future Health, Inc., 568 F.3d 684, 698 (9th Cir. 2009) (individual challenging a search of workplace areas beyond his own internal office must generally show some personal connection to the places searched and the materials seized).  Nor has he shown that he had a legitimate expectation of privacy in any materials or records seized at the Parachute Center, with the possible exception of materials found in his locker.

Specifically, the court finds that defendant had no legitimate expectation of privacy in the computer that was taken from the Parachute Center, as the computer belonged to Bill Dause, was used by multiple people, had no password protection, and was in a common area of the Parachute Center, notwithstanding defendant's use of a folder on the computer and Dause's representation that he did not access defendant's folder.  See id. (in evaluating whether a defendant has a personal connection to a seized item in a workplace, court looked at whether the item

was personal property or kept in a private place separate from other work-related material, whether the defendant had custody or immediate control of the item when the officers seized it, and whether the defendant took precautions to secure the thing seized from any interference without his authorization). Accordingly, the court will deny the motion to suppress as to all evidence seized with the possible exception of evidence found in defendant's locker.

II. Probable Cause

The court assumes, but does not decide, that defendant has standing to object to the search of his locker. See, e.g., Schowengerdt v. Gen. Dynamics Corp., 823 F.2d 1328, 1335 (9th Cir 1987). However, the court finds that the warrant application and supporting documentation supported a finding of probable cause to search defendant's locker to find evidence of wire fraud. See, e.g., United States v. Reeves, 210 F.3d 1041, 1046 (9th Cir. 2000) (magistrate judge's finding of probable cause will be upheld if the magistrate judge had a "substantial basis" for concluding that there is a fair probability that evidence of a crime would be found, under the totality of the circumstances). Given the representations in the application and affidavits, the Magistrate Judge could reasonably determine that evidence would likely be located in defendant's locker, including pre-printed forms with Yuri Garmashov's signature or records of defendant's activities in furtherance of the alleged fraudulent scheme, including training of other instructors.[2]

---

[2] Assuming defendant did have standing to challenge the search of the computer, the warrant application also supported a

3

III. Particularity, Breadth, and Scope of the Warrant

    The court rejects defendant's arguments that the warrant was not sufficiently particular and was overbroad.  Given the alleged fraud set forth in the warrant application, which could encompass both defendant's training of instructors and those instructors' subsequent jumps with customers, there was probable cause to search for all the items listed in the warrant application.  The warrant also set forth a detailed list of which items could be seized that was sufficiently particular.  See, e.g., United States v. Flores, 802 F.3d 1028, 1044 (9th Cir. 2015); United States v. Hayes, 794 F.2d 1348, 1354 (9th Cir. 1986).

    More specifically, because there is evidence that defendant trained at least 140 instructor candidates but possibly more, and those candidates may have flown with numerous customers after the suspension of defendant's ratings in 2015, there was reason to believe the fraudulent scheme continued for years after defendant's suspension.

    Further, because the alleged scheme encompassed defendant's training of candidates and those candidates' flights with customers, and because use of the wires can be indicated through various means such as email, telephone, Internet videos, and customer credit card transactions, evidence of the scheme could be found in a wide range of business records and materials

---

finding of probable cause to search the computer for evidence of wire fraud, for similar reasons as the search of the locker.  The warrant application also supported probable cause to search the rest of the Parachute Center and seize the items and records aside from those found in defendant's locker.

at the Parachute Center, and the warrant was not overbroad.

The court also does not find that agents impermissibly exceeded the scope of the warrant by seizing documents created before July 1, 2015.  Given that defendant left the Parachute Center after the August 2016 accident and returned by early fall 2017 and was also required to retain records by the USPA and UPT, it appears that any documents in his locker at the time of the search were placed in the locker by defendant after his return and were thus likely "in use" during the period of July 1, 2015 until the execution of the warrant.

Defendant also objects to the government's retention of electronic files past the purported 120-day limit set forth in the warrant.  However, the warrant itself does not contain any 120-day limit.  Instead, defendant relies upon the affidavit attached to the search warrant application which contains a section titled "Procedures for Electronically Stored Information" and explains that (1) electronic storage devices may be transported offsite and "imaged" and then returned within 60 days of seizure, unless the government is permitted by law to retain the device or the court grants an extension of time; and (2) agents will identify and "extract" seized data within 120 days of the warrant, absent further application to the court.  (Mot. Ex. A at 9-12 (Docket No. 48-1).)  Because the magistrate judge recently extended the time to extract data beyond that 120-day deadline, there does not appear to be a violation of that limit. (See Docket No. 57-1.)

Even more importantly, an affidavit is part of a warrant only if the warrant expressly incorporates the affidavit

5

by reference and the affidavit is either physically attached to the warrant or accompanies the warrant while agents execute the search. SDI Future Health, Inc., 568 F.3d at 699-700 (discussing whether warrant application affidavit can potentially cure any deficiencies in the warrant). Here, while the warrant does reference the affidavit, the affidavit was not attached to the warrant and defendant has not shown that the affidavit accompanied the warrant during the search. Thus, the court does not find that the affidavit (and the 120-day limitation) were part of the warrant, and for this additional reason the retention of data beyond the initial 120-day period contemplated in the affidavit accordingly does not exceed the scope of the warrant.

Further, defendant has not filed a motion for return of seized property under Federal Rule of Criminal Procedure 41(g). See, e.g., United States v. Comprehensive Drug Testing, Inc., 621 F.3d 1162, 1172-74 (discussing differences between the exclusionary rule and the return of seized property under Rule 41(g)). The court rejects defendant's suggestion that suppression of any or all evidence is warranted based on the government's retention of files past the initial 120-day deadline discussed in the warrant application affidavit.

IV. Franks

In order to prove a violation under Franks v. Delaware, 438 U.S. 154 (1978), defendant must show that (1) the government intentionally or recklessly made false or misleading statements or omissions in its warrant application and (2) these false or misleading statements or omissions were necessary to a finding of probable cause. See United States v. Perkins, 850 F.3d 1109,

1116 (9th Cir. 2017) (citations omitted). If the defendant proves both Franks requirements, the search warrant must be voided and the fruits of the search must be excluded. Id.

The court does not find that the government intentionally or recklessly made any false or misleading statements or omissions in the warrant application. The court further finds that even if the search warrant application had stated that (1) the credit card machines at Parachute Center were available only for customers, (2) Dause provided the FAA with Victim 2's Tandem proficiency card in August 2016, and (3) a witness stated that defendant left the Parachute Center and returned (see Mot. at 4-5), these inclusions would not have disturbed the Magistrate Judge's finding of probable cause. See Perkins, 850 F.3d at 1116. Accordingly, the court will deny defendant's request to hold a Franks hearing and will deny the motion to suppress based on Franks.

V. Good Faith

Even assuming defendant's Fourth Amendment rights were violated by the search at the Parachute Center, the court would deny the motion to suppress under the good faith exception. In United States v. Leon, 468 U.S. 897 (1984), the Supreme Court held that when an officer acts "in the objectively reasonable belief that [his] conduct did not violate the Fourth Amendment," evidence seized under the authority of a search warrant that is later invalidated should not be suppressed. Leon, 468 U.S. at 918. While it recognized that each inquiry would be fact-specific, it found four situations in which reliance on an invalidated warrant could not be deemed to be in good faith: (1)

7

1  the affiant knowingly or recklessly misleads the magistrate with
2  false information or material omissions; (2) the magistrate
3  "wholly abandoned his judicial role"; (3) the affidavit is "so
4  lacking in indicia of probable cause as to render official belief
5  in its existence entirely unreasonable"; and (4) the warrant
6  itself is facially deficient in its description of the place to
7  be searched or the things to be seized.  Id. at 923; see id. at
8  922 n.23 (identifying the appropriate question as "whether a
9  reasonably well trained officer would have known that the search
10 was illegal despite the magistrate's authorization").

11         For the good faith exception to apply, "the officer's
12 affidavit must establish at least a colorable argument for
13 probable cause."  United States v. Luong, 470 F.3d 898, 903 (9th
14 Cir. 2006).  This standard is met if the affidavit provides
15 "evidence sufficient to create disagreement among thoughtful and
16 competent judges as to the existence of probable cause."  Leon,
17 468 U.S. at 926.

18         Here, as stated above, the court does not find that the
19 officers intentionally or recklessly misstated or omitted any
20 material facts from the affidavit.  Nor is there any indication
21 that the magistrate judge wholly abandoned his judicial role.  As
22 also discussed above, the affidavit had sufficient evidence
23 supporting probable cause, and the warrant described the location
24 to be searched and the things to be seized with sufficient
25 specificity.  Accordingly, the officers reasonably relied on the
26 warrant and the court finds that the good faith exception
27 applies.  See United States v. Underwood, 725 F.3d 1076, 1085
28 (9th Cir. 2013).

IT IS THEREFORE ORDERED that defendant's motion to suppress (Docket No. 45) be, and the same hereby is, DENIED.

Dated: March 7, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE