HEATHER E. WILLIAMS, #122664
Federal Defender
MIA CRAGER, #300172
MEGHAN McLOUGHLIN, #354051
Assistant Federal Defenders
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700
Fax: (916) 498-5710

Attorneys for Defendant
ROBERT POOLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT POOLEY, <br><br> Defendants. | Case No. 2:21-cr-00111-WBS <br><br> **MOTION *IN LIMINE* #2 (TO EXCLUDE OTHER ACT EVIDENCE UNDER FRE 404(b))** <br><br> Date: April 29, 2024 <br> Time: 9:00 A.M. <br> Judge: Hon. William B. Shubb |

### I.  MOTION

Defendant Robert Pooley moves *in limine* to exclude evidence of "other acts" pursuant to FED. R. EVID. 404(b).  The evidence constitutes inadmissible evidence and should be excluded under Rule 404(b)(1).  Specifically, Mr. Pooley moves to exclude evidence that he was previously convicted of trespass and allegations that Mr. Pooley had false Mexican identification cards with his photograph, and that Mr. Pooley bought and used a prescription opioid painkiller called Tramadol.

### II.  FACTUAL BACKGROUND

More than a year before the alleged scheme to defraud, Mr. Pooley was arrested on April 2, 2015, on suspicion of forcing entry on his ex-wife's home from which he had recently been evicted.  A case was filed in which Mr. Pooley pled guilty to misdemeanor trespass under

California Penal Code § 602(m).  This section proscribes "[e]ntering and occupying real property or structures of any kind without the consent of the owner, the owner's agent, or the person in lawful possession."  Cal. Penal Code § 602(m).

According to the police report from that same arrest, Mr. Pooley allegedly admitted to having false Mexican identification cards with his photograph on them and admitted to using the prescription opioid painkiller Tramadol, which he bought from Mexico.

### III. LEGAL STANDARD

Evidence of a crime, wrong, or "other act" is inadmissible under Federal Rule of Evidence 404(b) to prove propensity.  *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012); FED R. EVID. 404(b)(1).  Other act evidence *may be* admissible for another purpose such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident."  FED. R. EVID. 404(b)(2).  "A person should not be convicted merely because he or she has done prior bad acts."  *United States v. Martin*, 796 F.3d 1101, 1105 (9th Cir. 2015).  "When bad acts are not relevant, they can only be viewed as being presented to inflame prejudice in the trier of fact, in which case they are at odds with our fundamental premises on the need for a fair trial."  *Id.*

"Other act" evidence is "not looked upon with favor."  *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995) (quoting *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993)).  The Ninth Circuit has established a four-part test in deciding admissibility of "other act" evidence under Rule 404(b).  The proponent must prove:

> (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.

*Id.* (citing *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994)).

> We have stated that "our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is."  Thus, "guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing."

*Vizcarra-Martinez*, 66 F.3d at 1013-14 (quoting *Bradley*, 5 F.3d at 1320).  The government bears

the burden of proving that the evidence meets all the requirements. *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012).

Finally, a Rule 404(b) analysis also incorporates the balancing test in Rule 403. *Mayans*, 17 F.3d at 1183. Failing to undertake a proper Rule 403 analysis when admitting evidence under Rule 404(b) is error. *Id.*

As to prior convictions, Federal Rule of Evidence 609 permits impeachment of a witness with evidence of a criminal conviction in certain instances. For misdemeanors, "the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." FED. R. EVID. 609(a)(2).

## IV. ARGUMENT

### A. The prior conviction for trespass is inadmissible.

Mr. Pooley's misdemeanor conviction for trespass is inadmissible. Under Rule 609, proving trespass has nothing to do with dishonesty or false statements. In particular, Mr. Pooley was convicted of "[e]ntering and occupying real property or structures of any kind without the consent of the owner, the owner's agent, or the person in lawful possession." Cal. Penal Code § 602(m). The conviction is therefore inadmissible.

### B. Possession of fake IDs before the events charged is irrelevant and inadmissible under Rules 404 and 403.

The government may try to offer evidence that Mexican ID cards were made with Mr. Pooley's picture and the cards were at his ex-wife's in 2015.[1] First, possession of these identification cards is immaterial to the charges. Second, possession of the IDs occurred in April 2015, which is more than a year before the alleged fraud charged in the indictment. *See* Dkt. 1 at 5, ¶ 27 (alleging scheme to defraud beginning "on or about May 20, 2016, and continuing until on or about August 6, 2016"). Third, the false identifications are certainly more prejudicial than probative because of the risk that the jury will interpret the idea that Mr. Pooley had fake identification cards to mean that he has a propensity to commit fraud. Rule 404 specifically

---

[1] The government has not provided 404(b) notice, so the defense does not know whether the government intends to use this evidence and, if so, on what theory of admissibility.

prohibits this inference. *Vizcarra-Martinez*, 66 F.3d at 1015 ("[B]ad act evidence cannot be used to prove a defendant's propensity to commit a crime.").

### C.  Mr. Pooley's alleged purchase and use of Tramadol is inadmissible.

Purchase of opioid medication Tramadol[2] has nothing to do with the allegations in this case. Neither does use of opioid medication. Evidence about these would merely confuse the issues or imply to the jury that Mr. Pooley's alleged opioid use makes him more likely to be guilty.

### V.  CONCLUSION

Mr. Pooley respectfully requests that the Court grant his motion to exclude evidence of his prior conviction for trespass, possession of fake identification cards, and purchase or use of opioid painkillers.

.

Date: April 1, 2024

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

*/s/  Mia Crager*
MIA CRAGER
MEGHAN McLOUGHLIN
Assistant Federal Defenders
Attorney for Defendant
ROBERT POOLEY

---

[2] Tramadol is an opioid analgesic medication that is stronger than non-opioids such as Tylenol but weaker than medications like hydrocodone. Mr. Pooley was prescribed Tramadol following a back injury.

-4-