HEATHER E. WILLIAMS, #122664
Federal Defender
MEGHAN McLOUGHLIN, #354051
MIA CRAGER, #300172
Assistant Federal Defenders
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: (916) 498-5700
Fax: (916) 498-5710

Attorneys for Defendant
ROBERT ALLEN POOLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>ROBERT ALLEN POOLEY<br><br>*Defendant.* | Case No. 2:21-cr-00111-WBS<br><br>**MOTION *IN LIMINE* #4 (TO EXCLUDE EVIDENCE REGARDING QUALITY OF EMERGENCY PROCEDURES TRAINING)**<br><br>Date:   April 29, 2024<br>Time:   9:00 A.M.<br>Judge: Hon. William B. Shubb |

### I.   MOTION

Robert Allen Pooley moves *in limine* to exclude evidence of the quality of emergency procedures training he provided in his Tandem Instructor Course.  Such evidence is irrelevant and otherwise inadmissible under Fed. R. Evid. 401 and 403.

### II.   FACTUAL BACKGROUND

The indictment alleges generally that from around May through August, 2016, Mr. Pooley defrauded a group of tandem skydiving course candidates by conducting a Tandem Instructor Course when he did not have the proper credentials to do so.  The object of the fraud was to obtain funds from course candidates seeking their tandem instructor ratings from the relevant authorities. *See* Dkt. 1 at ¶ 28.

//
//

### III.   ARGUMENT

**A. Evidence Regarding the Quality of Emergency Procedures Training is Irrelevant and Inadmissible Under Fed. R. Evid. 401**

The evidence regarding the quality of the emergency procedures training in Mr. Pooley's Tandem Instructor Course has no bearing on whether Mr. Pooley committed wire fraud or aggravated identity theft.  Whether Mr. Pooley provided the most, or least, comprehensive emergency procedures training in his course would not affect his guilt under either statute.  Indeed, the indictment does not allege that Mr. Pooley made misrepresentations or omissions regarding the emergency procedures training he would provide in the Tandem Instructor Course.  Rather, Mr. Pooley is alleged to have made omissions about the fact that he held the proper credentials to conduct the course.  Moreover, none of the alleged victims state that they sought out Mr. Pooley's course because they were seeking certain emergency procedures training, only that they were seeking their Tandem Instructor Ratings to work as Tandem Instructors and make additional income.  *See* Dkt. 50, Ex. 8; ; Dkt. 50, Ex. 9; Dkt. 50, Ex. 18; Dkt. 50, Ex. 19; Dkt. 50, Ex. 20 (indicating that they sought out the Tandem Instructor Course in order to obtain their Tandem Instructor Ratings).

Because evidence regarding the quality of the emergency procedures training Mr. Pooley provided in the Tandem Instructor Course is irrelevant, it is inadmissible under Fed. R. Evid. 401.

**B. Even if Evidence Regarding the Quality of Emergency Procedures Training Has Some Probative Value, It Should be Excluded Under Fed. R. Evid. 403**

As explained above, evidence regarding the quality of emergency procedures training has minimal, if any, probative value to the government's case against Mr. Pooley.  Any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.

Presenting evidence regarding the quality of Mr. Pooley's emergency procedures training creates a danger of unfair prejudice to Mr. Pooley.  Skydiving is a dangerous sport in which individuals' lives are at risk.  Any suggestion that Mr. Pooley's emergency procedures training

was lacking would tempt the jury to declare guilt on grounds other than the proof needed to establish Mr. Pooley's guilt for wire fraud and aggravated identity theft.  That is, it would generate outrage or disdain towards Mr. Pooley, while also garnering sympathy for the course candidates and others affected by the quality of his training, for reasons not relevant to the charges.  *See United States v. Copple*, 24 F.3d 535, 546 (3d Cir. 1994) (excluding evidence of impact of losses caused by fraudulent scheme as unfairly prejudicial where it created significant risk that jury would convict defendant as a way of compensating victims without regard to evidence of defendant's guilt).

In addition, presenting evidence regarding the quality of the training creates the danger of confusing the issues, misleading the jury, undue delay, and wasting time.  The presentation of such evidence would require the defense to rebut any claims that the emergency procedures training provided by Mr. Pooley was inadequate in some way.  This evidence would include separate lines of questioning and additional defense witnesses regarding the content of Mr. Pooley's emergency procedures training, the standard for which emergency procedures should be taught and how thoroughly emergency procedures of various kinds should be drilled with students, as well as whether a spectrum of acceptable emergency procedure training exists, and whether the training by Mr. Pooley fell on this spectrum.  Such a technical presentation would require expert witnesses called only to opine about emergency procedures – which in turn have nothing to do with the charges in this case.  To the extent the government seeks to ask any lay witnesses about the applicable standards for emergency procedure training, that line of inquiry would be both irrelevant and improper expert testimony by a non-expert.  *See* FED. R. EVID. 701 and 702 (prohibiting lay opinion testimony on matters based on specialized knowledge and setting out requirements for expert witness testimony).

The time spent focusing on the emergency procedures training and any training criteria diverts the jury's attention from the evidence relevant to whether Mr. Pooley defrauded the course candidates, thereby confusing the issues, misleading the jury, creating undue delay, and wasting time.  *See e.g.*, *United States v. Singh*, 995 F.3d 1069, 1081 (9th Cir. 2021) (affirming limitation of cross-examination of witness's involvement in murder-for-hire plot, in part, under

Fed. R. Evid 403 on grounds that a mini-trial on a collateral issue would confuse the issues and waste time); *United States v. Elysee*, 993 F.3d 1309, 1344–45 (11th Cir. 2021) (excluding evidence under Rule 403 where its admission would result in lengthy subsidiary trial).

As a result, to the extent evidence regarding the quality of emergency procedures training has any probative value, that value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time, and must be excluded under Fed. R. Evid. 403.

### IV.  CONCLUSION

For the reasons stated above, the Court should exclude all evidence regarding the quality of the emergency procedures training provided to course candidates by Mr. Pooley, as irrelevant under Fed. R. Evid. 401 or otherwise excludable under Fed. R. Evid. 403.

Dated: April 1, 2024
HEATHER E. WILLIAMS
Federal Defender

*/s/ Meghan McLoughlin*
MEGHAN McLOUGHLIN
MIA CRAGER
Assistant Federal Defenders
Attorneys for Defendant
ROBERT ALLEN POOLEY