```
PHILLIP A. TALBERT
United States Attorney
KATHERINE T. LYDON
DHRUV M. SHARMA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900
```

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROBERT ALLEN POOLEY,<br><br>                    Defendant. | CASE NO. 2:21-cr-00111-WBS<br><br>**UNITED STATES' RESPONSE TO MOTION IN LIMINE #3 (TO PROHIBIT REFERENCING WITNESSES BY "VICTIM NUMBER")**<br><br>DATE: April 29, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

The government does not oppose Pooley's Motion *in Limine* #3, seeking to prohibit the government from referring to witnesses by victim number. In its filings, the government has referred to victims by number or initials, to protect their privacy to the extent possible, in accordance with Department of Justice policy. At trial, however, victims will testify in open court, so their identities will be known, and the government will refer to testifying victims by their names. Accordingly, the government does not oppose the specific ruling sought by Pooley's motion.

Of course, the government may use the term "victim" at points throughout this fraud trial, as is typical, particularly in opening and closing argument when referring to the victims collectively. The use of the term "victim" is not prejudicial to a defendant's rights when the jury is properly instructed regarding the burden of proof and the government's statements taken as a whole do not undermine its burden of proving all of the elements of the crime. *See United States v. Edwards*, 2017 WL 4159365, at *1 (D. Mont. Sept. 19, 2017) (citing the holding in *People of Territory of Guam v. McGravey*, 14 F.3d

1344, 1348 (9th Cir. 1994) that a simple explanation from the court that the victim was the person the defendant allegedly subjected to the crime was an adequate safeguard against any potential prejudice that might flow from the word "victim"); *United States v. Washburn*, 444 F.3d 1007, 1013 (8th Cir. 2006) (collecting cases); *see also In re Homestore.com, Inc.*, 2011 WL 291176, at *12 (C.D. Cal. Jan. 25, 2011) (denying defendant's motion in limine to exclude referring to plaintiffs as "victims" because defendant did not sufficiently show the use of this term would be prejudicial); *Sears v. PHP of Alabama, Inc.*, 2006 WL 1223302, *3 (M.D. Ala., May 5, 2006) (same). A broad exclusion would be particularly inappropriate in the context of opening statements and closing arguments, when it is typically explained to the jury that the statements made by the government are not evidence. *See United States v. Sparks*, 2022 WL 17074850, at *2 (N.D. Cal. Nov. 18, 2022) (permitting the government to refer to a witness as a victim in its opening statement and closing argument).

Dated:  April 15, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ DHRUV M. SHARMA
DHRUV M. SHARMA
Assistant United States Attorney