PHILLIP A. TALBERT
United States Attorney
KATHERINE T. LYDON
DHRUV M. SHARMA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>ROBERT ALLEN POOLEY,<br><br>               Defendant. | CASE NO. 2:21-cr-00111-WBS<br><br>**UNITED STATES' OPPOSITION TO POOLEY'S MOTION *IN LIMINE* #4 (TO EXCLUDE EVIDENCE REGARDING QUALITY OF EMERGENCY PROCEDURES TRAINING)**<br><br>DATE: April 29, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

The United States hereby submits its opposition to Pooley's Motion *In Limine* #4. For the reasons stated herein, the Court should deny the motion.

I.    **INTRODUCTION**

It is not clear from Pooley's motion what exactly he seeks to exclude. He does not define the terms "emergency procedures training" or explain what he means by the "quality" of that training. He does not highlight any actual statement, act, or omission by Pooley that should be addressed and excluded prior to trial. From what the government can tell, Pooley seems to be seeking to exclude all evidence related to the actual contents of the tandem instructor courses for which the victims paid Pooley. Those courses, and Pooley's instruction during the courses, are charged in the indictment as methods and means through which Pooley falsely held himself out to be a certified Instructor Examiner and thus carried out his fraud. Pooley's argument that the contents of those courses are irrelevant lack

merit. Moreover, Pooley's arguments as to unfair prejudice do not hold water, to the extent the government understands them, since no particular statements, acts, or omissions are identified by Pooley as warranting suppression. Pooley's motion should be denied.

## II. EVIDENCE REGARDING WHAT HAPPENED DURING THE TANDEM INSTRUCTOR TRAININGS PROVIDED BY POOLEY IS RELEVANT

Federal Rules of Evidence (FRE) 401 and 402 allow for the admissibility of any relevant evidence, defined as evidence that has any tendency to make a fact more or less probable than it would be without the evidence, and if the fact is of consequence in determining the action. *See* Fed. R. Evid. §§ 401-402. A fact is "of consequence" if it makes it more or less likely that the defendant committed the charged conduct. *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020). "[T]he definition of relevant evidence is very broad" and "does not raise a high standard." *Moyer v. United Dominion Indus., Inc.,* 473 F.3d 532, 544 (3d Cir. 2007) (internal citations omitted).

Here, as charged in the indictment, Pooley provided training to several candidates for a Tandem Instructor ratings course during a period of time that his certification to provide that training had been suspended. Pooley defrauded these tandem instructor candidates by falsely holding himself out as a certified Instructor Examiner. Pooley's conduct in the courses was a specific method and means through which he continued to defraud and lull his victims, as is alleged in the indictment. *See* Indictment, ¶ 34 ("In furtherance of the ongoing scheme and to prevent its detection, ROBERT POOLEY also conducted purported tandem instructor rating courses while acting as if he was the tandem examiner. ROBERT POOLEY gave candidates instruction regarding the use of tandem equipment, conducting tandem jumps, and safety measures. As part of the course, ROBERT POOLEY sometimes participated in tandem skydives with candidates and/or observed their tandem jumps.") What Pooley did and said during the course is thus squarely at issue in the case. Moreover, the fact that the tandem instructor course involved training in which the students were putting their lives at risk is the basis alleged in the indictment for the relationship of trust between Pooley and his victims, which the government must establish in order to rest a wire fraud case on material omissions. *See* Indictment ¶ 33 ("ROBERT POOLEY had a duty to disclose this information because ROBERT POOLEY entered into a trust relationship with the tandem instructor candidates as their paid teacher in a course in which the

candidates were putting their lives at risk while tandem skydiving under his supervision.").

Pooley's misrepresentations to his victims continued in the form of his attestations on their certification cards regarding the training they had received. To get around his suspension, Pooley used the identity of Y.G. by signing off on his students' certification cards using Y.G.'s signatures and initials. Pooley's use of Y.G.'s signatures on these cards suggested that Y.G. had completed requirements of that training, when in fact it was Pooley (or someone else designated by Pooley). For example, Victim 7's USPA certification card demonstrates the following:

Specifically, Pooley used Y.G.'s signature to attest that Y.G. purportedly observed Victim 7 demonstrate several training exercises, including "five tandem cutaways wearing tandem equipment,"

the ability to "[e]stablish and maintain stability throughout the jump" and the ability to "[r]ecover from intentional, planned instability on exit." These attestations were false and the government intends to prove their falsity by demonstrating that it was Pooley (or an instructor assigned by Pooley, or no one) that conducted these training exercises, not Y.G. Similarly, the government anticipates other witnesses to describe how Y.G. did not conduct any of the training activities required for students to obtain their Tandem Instructor rating, although they subsequently received certification cards pre-filled with Y.G.'s signatures. These witnesses are also expected to testify that it was either Pooley or an instructor assigned by Pooley that conducted all training exercises. As alleged in the indictment, Pooley's use of Y.G.'s signatures to make representations regarding the training that he had provided was in furtherance of his scheme to defraud and lull his victims. *See* Indictment ¶¶ 35, 37. These attestations also demonstrate his knowing and intentional participation in his scheme to defraud and his knowing use of another person's identification.

In other words, evidence concerning the training tasks that Pooley conducted during a Tandem Instructor ratings course, the manner in which he conducted them, and the fact that it was he (or someone else, or no one) who conducted the tasks he falsely attested Y.G. had performed on the Tandem Instructor Cards, is relevant to demonstrate the methods and means through which he carried out his fraud and the knowing falsity of his representations. What Pooley said and did during his training courses is core to the allegations in the indictment and should not be excluded. This evidence is directly relevant to the elements of the charged offense. *See United States v. DeMott*, 57 F. App'x 743, 745 (9th Cir. 2003) (evidence of scheme to defraud is relevant); *United States v. Johnson*, 830 F. App'x 153, 157 (6th Cir. 2020) (evidence of details of defendant's scheme is relevant in wire fraud prosecution); *United States v. Kelley,* 551 F.3d 171, 175 (2d Cir. 2009) (evidence of intent to defraud and scope of the schemes relevant in securities fraud prosecution); *United States v. Rogas*, 547 F. Supp. 3d 357, 364 (S.D.N.Y. 2021) (evidence relating to activities in connection with the charged fraudulent scheme constitutes direct evidence of the charged conduct and is therefore relevant and admissible).

/./././

/./././

/./././

### III. EVIDENCE OF POOLEY'S TRAINING ACTIVITIES SHOULD NOT BE EXCLUDED UNDER FRE 403

Pooley also argues that evidence of the quality of his emergency procedures training should be excluded as being unfairly prejudicial under FRE 403. Rule 403 is "an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (internal citations omitted). "Under the terms of the rule, the danger of prejudice must not merely outweigh the probative value of the evidence, but substantially outweigh it." *Id.* (emphasis in original). "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (quoting *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir.1983)).

Pooley's conduct during the courses of holding himself out falsely as a certified Instructor Examiner and false certifications of training exercises are the manner and means through which he perpetuated the fraud charged. There is nothing unfairly prejudicial in presenting the evidence of it. When he used Y.G.'s signature to certify that a candidate had demonstrated the ability to "[r]ecover from intentional, planned instability on exit," he did so without authorization and with knowledge that his own certification would be insufficient to allow that candidate to conduct tandem jumps.

This said, he is not being prosecuted for being a poor teacher. The government intends to establish that Pooley should not have been providing any Tandem Instructor training at all, and that he perpetrated a fraud on his victims by providing any such training, by holding himself out to be an Instructor Examiner, and by falsely certifying the completion of tasks required for candidates to complete this training. The government does not intend to focus on whether any of the training that he did provide complied with the "applicable standards for emergency procedure training." There is thus no danger of confusing the issues or misleading the jury. To the extent that there are any questions or pieces of evidence regarding training that Pooley feels is unfairly prejudicial, it is more appropriately addressed by the defense raising targeted objections at trial, as opposed to a broad, pre-trial, motion *in limine*. See *Sperberg v. Goodyear Tire & Rubber, Co.*, 519 F.2d 708, 712 (6th Cir. 1975). ("Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as

the admissibility of evidence arises.")

## IV. CONCLUSION

For the aforementioned reasons, the Court should deny the motion.

Dated:  April 15, 2024

PHILLIP A. TALBERT
United States Attorney

By:  /s/ DHRUV M. SHARMA
DHRUV M. SHARMA
Assistant United States Attorney