HEATHER E. WILLIAMS, #122664
Federal Defender
MEGHAN McLOUGHLIN, #354051
MIA CRAGER, #300172
Assistant Federal Defenders
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: (916) 498-5700
Fax: (916) 498-5710

Attorneys for Defendant
ROBERT ALLEN POOLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 2:21-cr-00111-WBS |
|---|---|---|
| Plaintiff, | ) ) | **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* #1 (TO EXCLUDE EVIDENCE OF DEATHS REFERENCED IN INDICTMENT UNDER FRE 401 AND 403)** |
| vs. | ) ) ) | |
| ROBERT ALLEN POOLEY | ) ) | |
| Defendant. | ) ) ) | Date:  May 6, 2024<br>Time:  10:00 A.M.<br>Judge: Hon. William B. Shubb |

Defendant Robert Allen Pooley files this Supplemental Memorandum to clarify his position regarding the exclusion of evidence of the skydiving accident and deaths of Yonghyeon Kwon and a customer on August 6, 2016.  At the hearing on his Motion *in Limine* #1, the Court and the parties discussed different options to minimize unfair prejudice to Mr. Pooley.  After that discussion, and in preparation for further hearing on May 6, 2024, Mr. Pooley now continues to move for the complete exclusion of this evidence from trial, on the grounds that it is not relevant and is otherwise excludable under Fed. R. Evid. 403.  He further proposes jury instructions to be read in the event evidence of the accident and deaths is admitted or referenced in any way.

**A. The Evidence Should be Excluded.**

Mr. Pooley maintains that the evidence is irrelevant for all the reasons already stated in his Motion.  Specifically, however, Mr. Pooley argues that, even if the evidence is relevant, its probative value is substantially outweighed by the danger of unfair prejudice.  This is especially

true because there is alternative, less prejudicial evidence available to the government to show that Mr. Kwon was tandem skydiving with customers during Summer 2016.  *See Old Chief v. United States*, 519 U.S. 172, 184–85 (1997).  First, the defense reiterates that it is willing to stipulate to the fact that Mr. Kwon was tandem skydiving with customers during the summer of 2016.  Second, there are other witnesses with personal knowledge of this fact in discovery.  Mr. Fabricio Palomino, who has already been served with a trial subpoena, and whose testimony is expected to form the basis of Counts 1 through 3, has stated that he recalls Mr. Kwon "jumping with paying customers at the Parachute Center."  *See* Exh. A, Memorandum of Activity, Interview of Gonzalo Fabricio Palomino Benitez on Feb. 7, 2024, at 2.  In addition, it is clear from Federal Aviation Administration documents that William Dause, who directs all operations at the Parachute Center, allowed Mr. Kwon to jump with customers during the summer of 2016.  *See* Exh. B, Pages Extracted from the FAA's Enforcement Investigation Report at 1.  The government could call either of these witnesses to elicit the fact that Mr. Kwon was doing tandem jumps with customers.  Contrary to the government's representations at the last hearing, evidence of Mr. Kwon's death itself is not the only evidence that he was jumping with customers.

### B.  Mr. Pooley Proposes Limiting Instructions.

Mr. Pooley understands that the Court deferred ruling on his Motion *in Limine* #1 until trial. The procedure outlined at the last hearing is that:

> I'm not going to let you make any reference to the accident or the death in your opening statement. I'm not going to definitively rule on this motion in limine or any other motion in limine this morning. I'm going to give you my tentative views on this motion, as well as the other motions, and require that before you offer any evidence by way of questions, exhibits, or otherwise on this subject, that you address the Court outside the hearing of the jury and tell me specifically why it is you want to offer that testimony or that exhibit and that it cannot be avoided or redacted. And we'll deal with that when it comes up.

Transcript of hearing on April 29, 2024, at 30–31, attached as Exh. C.

In the event that, using that procedure, the government persuades the Court that any evidence or reference to the deaths should come in, the defense proposes a limiting instruction as follows:

> I told you at the beginning of the trial some evidence may be received for a

limited purpose. This is an example of one of those times.

> You [just heard evidence] [are about to hear evidence] that [Yonghyeon Kwon died while tandem skydiving on August 6, 2016] [Yonghyeon Kwon was in a skydiving accident on August 6, 2016]. The [death] [accident] has no bearing on the elements of the offenses with which Mr. Pooley is charged. There are also no allegations that [his death] [the accident] was in any way caused by Robert Allen Pooley, and you are not to infer that it was.
>
> I instruct you that this evidence is admitted only for the limited purpose of [permissible purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

The government has also expressed concern that its witnesses will fail to follow a court order to not mention the accident. In the event that a witness violates the Court's order to not mention the accident and deaths, the defense proposes the following instruction be read to the jury:

> You just heard [the witness] reference [the death of Yonghyeon Kwon] [a skydiving accident during Summer 2016]. The [death] [accident] has no bearing on the elements of the offenses with which Mr. Pooley is charged. There are also no allegations that [the death] [the accident] was in any way caused by Robert Allen Pooley, and you are not to infer that it was.

By offering these instructions, Mr. Pooley does not waive any objections to the mention of the accident or deaths under Fed. R. Evid. 402 and 403. He also reserves his right to move for a mistrial, if appropriate, if any witness does not comply with the Court's order not to mention the accident or deaths.

Dated: May 1, 2024　　　　　　　　　　　HEATHER E. WILLIAMS
　　　　　　　　　　　　　　　　　　　　Federal Defender


　　　　　　　　　　　　　　　　　　　　*/s/ Meghan McLoughlin*
　　　　　　　　　　　　　　　　　　　　MEGHAN McLOUGHLIN
　　　　　　　　　　　　　　　　　　　　MIA CRAGER
　　　　　　　　　　　　　　　　　　　　Assistant Federal Defenders
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　ROBERT ALLEN POOLEY