| | |
|---|---|
| 1 | HEATHER E. WILLIAMS, #122664 |
| | Federal Defender |
| 2 | MIA CRAGER, #300172 |
| | MEGHAN McLOUGHLIN, #354051 |
| 3 | Assistant Federal Defenders |
| | Designated Counsel for Service |
| 4 | 801 I Street, 3rd Floor |
| | Sacramento, CA 95814 |
| 5 | Telephone: (916) 498-5700 |
| | Fax: (916) 498-5710 |

Attorneys for Defendant
ROBERT POOLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  2:21-cr-00111-WBS |
| | ) | |
| Plaintiff, | ) | **MR. POOLEY'S PROPOSED VOIR DIRE** |
| | ) | |
| vs. | ) | Date:   May 15, 2024 |
| | ) | Time:   9:00 A.M. |
| ROBERT POOLEY, | ) | Judge:  Hon. William B. Shubb |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Robert Pooley proposes the following *voir dire* procedure and questions:

Mr. Pooley proposes that the Court first inquire with potential jurors about hardships, whether they know any of the witnesses or parties in the case, and the standard questions (place of residence, profession, etc.).

After that questioning, the defense suggests that jurors be asked, by a show of hands, who has heard of or is familiar with the Lodi Parachute Center, a.k.a. Skydive Lodi. At that point, the courtroom should be cleared of prospective jurors and each prospective juror who had raised his or her hand should be called individually. When each prospective juror is called individually, the defense suggests the following questions being asked:

> *What do you know or what have you heard about the Lodi Parachute Center, a.k.a.*
> *Skydive Lodi?  Do you know/were you told anything else about it?  Have you heard or*

*do you know anything about Mr. Robert Pooley in particular? How do you know or where did you hear this information?*

If the prospective juror indicates that <u>he or she has heard of the particular deaths of Mr. Kwon and Mr. Turner/the accident on August 6, 2016, or if the juror indicates that he or she has read the news articles describing those deaths</u> (see a sampling of new stories, attached) which describe Mr. Pooley's arrest along with those deaths, the defense suggests the following line of questioning:

1. There is no claim in this case that Mr. Pooley, the defendant in this case, did anything to cause, directly or indirectly, any accident or the death of any person. The deaths/accident also does not bear on the elements of the crime charged in this case, and if seated as a juror in this case, you would not be asked to consider those deaths/accident in rendering your verdict. Knowing this, how easy or difficult would it be for you to put those deaths out of your mind while hearing the evidence in this case?

2. You will hear evidence about events that occurred near in time to the deaths, however the deaths/accident will not be discussed at trial, as they are not relevant to the charges against Mr. Pooley. Nonetheless, would your knowledge about the deaths/accident affect how you evaluated the evidence?

3. Do you have an opinion [from reading the news articles or otherwise] about whether Mr. Pooley is in some way to blame for the deaths/accident? What is that opinion? Would you be able to put aside your opinion and accept that there is no claim in this case that Mr. Pooley caused the deaths?

4. If you are seated as a juror in this case, you will be charged with deliberating with other jurors until you come to a unanimous verdict, or until you determine that you are unable to come to a unanimous verdict. It is extremely likely that at least some of the jurors will not be aware that the deaths/accident occurred. You will not be permitted to discuss the deaths/accident during deliberations. How would you feel about not being able to discuss it? Would you feel in any way dishonest or uncomfortable with

  the other jurors if you did not tell them about the deaths while discussing events in this case in the same timeframe?  Do you truly think you can follow my instruction not to discuss the deaths/accident (or anything else that is not presented as evidence in the course of this trial) with your fellow jurors?

5. If you are seated as a juror in this case and another juror in deliberations begins talking about the deaths/accident and incorporating that or other extraneous information into deliberations, how comfortable would you feel bringing that to the attention of the Court?

If the prospective juror indicates that <u>he or she heard generally of the apparently bad safety record or otherwise bad or unsafe reputation of the Lodi Parachute Center</u>, the defense suggests the following line of questioning:

1. This case is not about any injury, accident, or safety concerns related to skydiving. Furthermore, there is no claim in this case that anything that Mr. Pooley, the defendant in this case, did caused directly or indirectly any injury, accident, or safety problem. Knowing this, how easy or difficult would it be for you to put the [bad safety record] out of your mind while hearing the evidence in this case?

2. What is your opinion about the people who work at the Lodi Parachute Center, a.k.a. Skydive Lodi?  How easy or difficult would it be for you to put that opinion out of your mind during the testimony in this case?  There will be testimony from employees at the Center.  Could you completely disregard your current opinion about employees while listening to this testimony?

3. If you are seated as a juror in this case, you will be charged with deliberating with other jurors until you come to a unanimous verdict, or until you determine that you are unable to come to a unanimous verdict.  It is extremely likely that at least some of the jurors will not be aware of the [bad safety record of the Lodi Parachute Center].  You will not be permitted to discuss the safety record of the Center during deliberations. How would you feel about not being able to discuss it?  Would you feel in any way

dishonest or uncomfortable with the other jurors if you did not tell them about the [safety record] while discussing other events in this case at the same Center? Do you truly think you can follow my instruction not to discuss the [safety record] (or anything else that is not presented as evidence in the course of this trial) with your fellow jurors?

4. If you are seated as a juror in this case and another juror in deliberations begins talking about the [safety record] of the Lodi Parachute Center and incorporating that or other extraneous information into deliberations, how comfortable would you feel bringing that to the attention of the Court?

Finally, if the prospective juror states that <u>he or she is aware of the Lodi Parachute Center, a.k.a. Skydive Lodi, because he or she went skydiving there</u>, the defense proposes the following line of questioning:

1. How do you feel about your experience?
2. What was your impression of the business?
3. What did you think about the people who worked there?
4. Could you put your particular experience out of your mind while you heard the evidence in the case concerning events at the Lodi Parachute Center?
5. How do you feel about not being able to share your particular experience with other jurors during jury deliberations?

\*          \*          \*

The above questions conclude Mr. Pooley's proposal for individual *voir dire* questioning. The following questions can be presented to the panel as a whole or individually.

1. Does anyone have experience with skydiving? What is/was that experience? How do you feel about that experience?
2. Does anyone have a family member or close friend who is a professional or frequent skydiver? Has that person told you about the world of sport skydiving or any of the organizations that govern the sport? What have they told you?

3. Is anyone aware of the United States Parachute Association? What do you know about it?

4. Is anyone aware of United Parachute Technologies? What do you know about it?

5. Mr. Pooley is presumed innocent. That means, as you sit here today, you must believe he is innocent, and you must continue to believe he is innocent unless and until the government presents evidence to prove to you, beyond a reasonable doubt, that he is guilty. Does anyone feel in this moment that they are not able to believe that he is innocent? Does anyone feel he must have done something wrong, because otherwise, why would he be here today?

6. Have any of you ever sat on a jury before? If so, was it criminal, grand jury, or civil? If so, do you understand that the burdens of proof in a grand jury and a civil jury are different from those in a criminal case? In a criminal case, the burden of proof is the highest standard of proof. That is, proof beyond a reasonable doubt. For those of you who have been on grand juries or civil juries, do any of you feel that because of your past jury experience you will have any difficulty applying this higher standard of proof in this case? For any of you who have been on a criminal jury, was there anything about that experience that would make you not want to sit on the jury in this case?

7. Mr. Pooley has a constitutional right not to testify. Because the government has the burden of proof at all times, you cannot consider a defendant's failure to testify when deliberating as to his guilt or innocence. Would any of you have a problem doing that if you did not hear from Mr. Pooley?

8. On the other hand, Mr. Pooley has a right to testify and may elect to do so in this case. If Mr. Pooley testifies, his testimony is to be given the same consideration as that of any other witnesses. You cannot hold him to any higher standard than any other witness. Is there anyone who believes that this principle is unworkable or unfair?

9. Have you, your family, or a close friend been a victim of a fraud or identity theft? Tell us about that experience. If you would like, you can answer this question in private

with only the judge, court staff, and the parties present.

10. Do you have a family member or close friend who works as a law enforcement or corrections officer?  What is your view on the truthfulness of law enforcement officers?  Are they more or less likely to be truthful than any other person?

11. Does anyone have a family member or close friend who works at the Federal Aviation Administration (FAA) or the Department of Transportation (DOT)?

12. Every case is different and every potential juror comes to us with different life experiences.  Sometimes, because of those life experiences, a juror is simply not a good fit for a particular case.  This happens and it is unavoidable and human nature.  Are there any of you who feel that you might not be the best juror for this type of case for any reason at all?

Date: May 3, 2024                                        Respectfully submitted,

                                                         HEATHER E. WILLIAMS
                                                         Federal Defender

                                                         */s/ Mia Crager*
                                                         MIA CRAGER
                                                         MEGHAN McLOUGHLIN
                                                         Assistant Federal Defenders
                                                         Attorney for Defendant
                                                         ROBERT POOLEY