PHILLIP A. TALBERT
United States Attorney
KATHERINE T. LYDON
DHRUV M. SHARMA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:21-CR-00111 WBS |
| Plaintiff, | GOVERNMENT'S PROPOSED JURY INSTRUCTIONS |
| v. | |
| ROBERT ALLEN POOLEY, | DATE: May 15, 2024 |
| Defendant. | TIME: 9:00 a.m. |
| | COURT: Hon. William B. Shubb |

The United States of America by and through its attorneys, Katherine T. Lydon and Dhruv M. Sharma, respectfully requests that the Court include in its standard charge to the jury the following instructions from the Manual of Model Criminal Jury Instructions for the Ninth Circuit (2022 Edition, Last Updated December 2023). Where instructions include additions to the Ninth Circuit model, the additional material is underlined and the case authority is listed below the instruction (to be removed before distributing copies to the jury).

**Preliminary Instructions**

1.      1.1      Duty of Jury

2.      1.2      The Charge—Presumption of Innocence

3.      1.3      What is Evidence

4.      1.4      What is Not Evidence

5.      1.5      Direct and Circumstantial Evidence

6.      1.6      Ruling on Objections

7.      1.7      Credibility of Witnesses

8.      1.8      Conduct of the Jury

9.      1.9      No Transcript Available to Jury

10.     1.10     Taking Notes

11.     1.11     Outline of Trial

12.     1.12     Jury to Be Guided by English Translation/Interpretation

13.     1.14     Questions to Witnesses by Jurors During Trial

14.     1.16     Bench Conferences and Recesses

**Instructions During Course of Trial**

15.     2.1      Cautionary Instruction

16.     2.3      Stipulations of Fact

17.     2.9      Foreign Language Testimony

18.     2.10     Other Crimes, Wrongs, or Acts of Defendant

19.     2.12     Evidence for a Limited Purpose

**Consideration of Particular Evidence**

20.     3.1      Statements by Defendant

21.     3.3      Other Crimes, Wrongs, or Acts of Defendant

22.     3.14     Opinion Evidence, Expert Witness

23.     3.15     Dual Role Testimony - Facts, Lay Opinions, and Expert Opinions

24.     3.16     Charts and Summaries Not Admitted into Evidence

**Responsibility**

25.     4.1     Aiding and Abetting (18 U.S.C. § 2(a))

26.     4.2     Aiding and Abetting (18 U.S.C. § 2(b))

27.     4.8     Knowingly

28.     4.13    Intent to Defraud

**Jury Deliberations**

29.     6.0     Cover Sheet

30.     6.1     Duties of Jury to Find Facts and Follow Law

31.     6.2     Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof

32.     6.3     Defendant's Decision Not to Testify

33.     6.4     Defendant's Decision to Testify

34.     6.5     Reasonable Doubt—Defined

35.     6.6     What is Evidence

36.     6.7     What is Not Evidence

37.     6.8     Direct and Circumstantial Evidence

38.     6.9     Credibility of Witnesses

39.     6.10    Activities Not Charged

40.     6.11    Separate Consideration of Multiple Counts—Single Defendant

41.     6.17    Foreign Language Testimony

42.     6.18    On or About—Defined

43.     6.19    Duty to Deliberate

44.     6.20    Consideration of Evidence—Conduct of the Jury

45.     6.21    Use of Notes

46.     6.22    Jury Consideration of Punishment

47.     6.23    Verdict Form

48.     6.24    Communication With Court

**Fraud, Access Device, and Computer Offenses**

| | | |
|---|---|---|
| 49. | 15.9 | Fraud in Connection with Identification Documents—Aggravated Identity Theft (18 U.S.C. § 1028A) |
| 50. | 15.35 | Wire Fraud (18 U.S.C. § 1343) |
| 51. | 15.33 | Scheme to Defraud—Vicarious Liability (18 U.S.C. §§ 1341, 1343, 1344, 1346) |

<u>ADDITIONAL INSTRUCTIONS DURING TRIAL</u>

The United States requests permission to supplement these instructions depending on the evidence presented during the trial.

Dated: May 6, 2024

PHILLIP A. TALBERT
United States Attorney


By: _/s/ DHRUV M. SHARMA_
KATHERINE T. LYDON
DHRUV M. SHARMA
Assistant U.S. Attorneys

# INSTRUCTION NO. 1 – DUTY OF JURY

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

9TH CIR. CRIM. JURY INST. 1.1 (2022) (Approved 12/2019)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
                    JUDGE

INSTRUCTION NO. 2 – THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government.  The government charges the defendant with four counts of Wire Fraud and two counts of Aggravated Identity Theft.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.  I will now provide a brief summary of the indictment to help you follow the evidence.

As I told you at the beginning of jury selection, the government alleges that the defendant, while working at Lodi Parachute Center, falsely held himself out to be a tandem skydiving Examiner.  A tandem skydiving Examiner is a person certified to teach courses to skydivers that qualify them to become Tandem Instructors who can perform tandem skydives with members of the public.  The government alleges that as a result of the defendant falsely giving the impression he was a certified Examiner, skydivers paid him to take his courses, believing they would become certified Tandem Instructors as a result of those courses.  In reality, the government alleges, the defendant's Examiner ratings were suspended in or about August of 2015.  After that, he had no ability to award Tandem Instructor credentials, or "ratings," to those who took his tandem skydiving courses.  To avoid detection during his suspension, the government alleges, Robert Pooley used the name and preprinted signature of another Examiner on the certification paperwork.  The government has charged the defendant with defrauding tandem skydiving candidates by teaching courses and using the legitimate Examiner's signature during a specific period while the legitimate Examiner was out of the country, from approximately late May until early August 2016.  Ultimately, the government alleges, the fraud was detected and the skydivers who had paid Pooley money to take his course while his rating was suspended did not become Tandem Instructors, or had to pay more money to retrain with another Examiner to become Tandem Instructors.  Each of the four Wire Fraud counts concern, the government alleges, emails which were foreseeably sent in furtherance of the defendant's fraud scheme.  With respect to the Aggravated Identity Theft counts, the government alleges that, by using the signature of another Examiner, Pooley unlawfully used the means of identification of another during and in relation to the crime of wire fraud.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case:

Wire fraud has four elements. First, the defendant participated in a scheme to obtain money by means of false statements or pretenses, or material omissions. Second, the statements made or facts omitted were material. Third, the defendant acted with the intent to defraud. And, fourth, the defendant used or foreseeably caused to be used interstate or foreign wirings in furtherance of the scheme.

Aggravated identity theft has three elements. First, the defendant knowingly used a means of identification of another person. Second, the defendant knew the means of identification belonged to a real person. And third, the defendant did so during and in relation to the crime of wire fraud. The government need not show that the means of identification was stolen or that the defendant lacked consent to use it.

9TH CIR. CRIM. JURY INST. 1.2 (2022) (Approved 9/2019)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
                              JUDGE

INSTRUCTION NO. 3 – WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

9TH CIR. CRIM. JURY INST. 1.3 (2022) (Approved 9/2019)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1

INSTRUCTION NO. 4 – WHAT IS NOT EVIDENCE

2

3       The following things are *not* evidence, and you must not consider them as evidence in deciding

4   the facts of this case:

5               (1)     First, statements and arguments of the attorneys;

6               (2)     Second, questions and objections of the attorneys;

7               (3)     Third, testimony that I instruct you to disregard; and

8               (4)     Fourth, anything you may see or hear when the court is not in session even if what

9   you see or hear is done or said by one of the parties or by one of the witnesses.

10

11

12

13

14

15

16

17

18

19

20

21

22

23   9TH CIR. CRIM. JURY INST. 1.4 (2022) (Approved 9/2019)
     Plaintiff's Proposed Jury Instruction No. _____
24   GIVEN _____
     GIVEN AS MODIFIED _____
25   REFUSED _____
     WITHDRAWN _____

26

27                                                    _____

28                                                    JUDGE

## INSTRUCTION NO. 5 – DIRECT AND CIRCUMSTANTAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 1.5 (2022) (Approved 9/2019)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 6 – RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

9TH CIR. CRIM. JURY INST. 1.6 (2022)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

# INSTRUCTION NO. 7 – CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     First, the witness's opportunity and ability to see or hear or know the things testified to;

(2)     Second, the witness's memory;

(3)     Third, the witness's manner while testifying;

(4)     Fourth, the witness's interest in the outcome of the case, if any;

(5)     Fifth, the witness's bias or prejudice, if any;

(6)     Sixth, whether other evidence contradicted the witness's testimony;

(7)     Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

(8)     Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

//

//

//

1    The weight of the evidence as to a fact does not necessarily depend on the number of witnesses

2    who testify about it.  What is important is how believable the witnesses are, and how much weight you

3    think their testimony deserves.

22   9TH CIR. CRIM. JURY INST. 1.7 (2022) (Approved 9/2019)
     Plaintiff's Proposed Jury Instruction No. _____
23   GIVEN _____
24   GIVEN AS MODIFIED _____
     REFUSED _____
25   WITHDRAWN _____

27   _____
             JUDGE

# INSTRUCTION NO. 8 – CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not

do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

9TH CIR. CRIM. JURY INST. 1.8 (2022) (Approved 12/2020)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1

INSTRUCTION NO. 9 – NO TRANSCRIPT AVAILABLE TO JURY

2

3        At the end of the trial, you will have to make your decision based on what you recall of the

4   evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the

5   testimony as it is given.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   9TH CIR. CRIM. JURY INST. 1.9 (2022) (Approved 9/2019)
     Plaintiff's Proposed Jury Instruction No. _____
24   GIVEN _____
     GIVEN AS MODIFIED _____
25   REFUSED _____
     WITHDRAWN _____
26

27                                                   _____
28                                                   JUDGE

INSTRUCTION NO. 10 – TAKING NOTES


If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

9TH CIR. CRIM. JURY INST. 1.10 (2022)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 11 – OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

9TH CIR. CRIM. JURY INST. 1.11 (2022)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

# INSTRUCTION NO. 12—JURY TO BE GUIDED BY ENGLISH INTERPRETATION

A language other than English will be used for some evidence during this trial. When a witness testifies in another language, the witness will do so through an official court interpreter.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation provided through the official court interpreter. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

9TH CIR. CRIM. JURY INST. 1.12 (2022) (Approved 3/2018)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 13 – QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

9TH CIR. CRIM. JURY INST. 1.14 (2022) (Approved 9/2019)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 14 – BENCH CONFERENCES AND RECESSES

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

9TH CIR. CRIM. JURY INST. 1.16 (2022) (Approved 9/2019)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

# INSTRUCTION NO. 15 – CAUTIONARY INSTRUCTION

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet, your social media feeds, <u>newspapers, on television, or any other source</u>. <u>If you inadvertently see any media article or television program discussing this case, please immediately stop reading or turn off the television, and advise the court staff the following trial day</u>.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

9TH CIR. CRIM. JURY INST. 2.1 (2022) (Approved 12/2020)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

# INSTRUCTION NO. 16 – STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

9TH CIR. CRIM. JURY INST. 2.3 (2022) (Revised Sept. 2019)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

1
2
INSTRUCTION NO. 17 – FOREIGN LANGUAGE TESTIMONY
3
4
You are about to hear testimony of a witness who will be testifying in the Spanish language.
5
Witnesses who do not speak English or are more proficient in another language testify through an
6
official court interpreter. Although some of you may know the Spanish language, it is important that all
7
jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the
8
witness's testimony. You must disregard any different meaning.
9
You must not make any assumptions about a witness or party based solely on the fact that an
10
interpreter was used.
11
12
13
14
15
16
17
18
19
20
21
22
23
9TH CIR. CRIM. JURY INST. 2.9 (2022) (Approved 3/2018)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
24
GIVEN AS MODIFIED _____
25
REFUSED _____
WITHDRAWN _____
26
27
_____
28
JUDGE

INSTRUCTION NO. 18 – OTHER CRIMES, WRONGS, OR ACTS OF THE DEFENDANT

You [have heard testimony] [are about to hear testimony] [have seen evidence] [are about to see evidence] that the defendant [*summarize other act evidence*].  This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s].  You may consider this evidence only for the purpose of deciding whether the defendant:

[had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;]

*or*

[had a motive or the opportunity to commit the acts charged in the indictment;]

*or*

[was preparing or planning to commit the acts charged in the indictment;]

*or*

[acted with a method of operation as evidenced by a unique pattern [*describe pattern*];]

*or*

[did not commit the acts for which the defendant is on trial by accident or mistake;]

*or*

[is the person who committed the crime charged in the indictment.  You may consider this evidence to help you decide [*describe how the evidence will be used to prove identity*];]

*or*

[*describe other purpose for which other act evidence was admitted*.]

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for Wire Fraud and Aggravated Identity Theft not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

9TH CIR. CRIM. JURY INST. 2.10 (2022) (Approved 3/2018)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

# INSTRUCTION NO. 19 – EVIDENCE FOR LIMITED PURPOSE

You are about to hear evidence that [*describe evidence to be received for limited purpose*].  I instruct you that this evidence is admitted only for the limited purpose of [*describe purpose*] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

9TH CIR. CRIM. JURY INST. 2.12 (2022) (Approved 3/2018)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 20 – STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

9TH CIR. CRIM. JURY INST. 3.1 (2022)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1

2 INSTRUCTION NO. 21—OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT

3

4     You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not

5 charged here. You may consider this evidence only for its bearing, if any, on the question of the

6 defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of

7 mistake] [absence of accident] and for no other purpose. [You may not consider this evidence as

8 evidence of guilt of the crime for which the defendant is now on trial.]

9

10

11

12

13

14

15

16

17

18

19

20

21

22 9TH CIR. CRIM. JURY INST. 3.3 (2022) (Approved 3/2018)
Plaintiff's Proposed Jury Instruction No. _____
23 GIVEN _____
GIVEN AS MODIFIED _____
24 REFUSED _____
WITHDRAWN _____
25

26

27 _____

28 JUDGE

INSTRUCTION NO. 22 – OPINION EVIDENCE

You are about to hear testimony from Special Agent Corry Noel who will testify about his opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

9TH CIR. CRIM. JURY INST. 3.14 (2022) (Approved 3/2023)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

## INSTRUCTION NO. 23 – DUAL ROLE TESTIMONY

[You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] about facts and [his] [her] opinions and the reasons for those opinions. Fact testimony is based on what the witness personally saw, heard, or did. Opinion testimony is based on the specialized knowledge, skill, experience, training, or education of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

As to the testimony about the witness's opinions, this testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

You also should [pay careful attention as to whether the witness is testifying] [consider whether the witness testified] to personal observations or involvement as a fact witness or testifying to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

[You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

[Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue

deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.]]

[Option 2—Lay and Expert Opinions]

[You [have heard] [are about to hear] testimony from [_name_] who [testified] [will testify] about [his] [her] opinions and the reasons for those opinions. Some of the opinion testimony you [will hear] [have heard] from this witness is based on the specialized knowledge, skill, experience, training, or education of this witness. This testimony is allowed because of the knowledge, skill, experience, training, or education of this witness. It should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Other opinion testimony you [will hear] [have heard] from this witness is called "lay opinion testimony." Lay opinion testimony is based on inferences drawn from the witness's direct perceptions and must be rationally based on those perceptions and not on speculation or what someone else has said. You should judge lay opinion testimony like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves. When considering lay opinion testimony, however, you should not give it any extra credence based on the specialized knowledge, skill, experience, training, or education of this witness.

You also should [pay careful attention as to whether the witness is testifying] [consider whether the witness testified] about a lay opinion based on the witness's perceptions or testifying to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

[You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

[Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.]]

[Option 3—Facts, Lay Opinions, and Expert Opinions]

[You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] to both facts and two types of opinions and the reasons for those opinions.  I will describe all three types of testimony. The first is fact testimony.  Fact testimony is based on what the witness personally saw, heard, or did.  The second is opinion testimony based on the specialized knowledge, skill, experience, training, or education of the witness.  The third is what is called "lay opinion testimony."

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

As to the opinion testimony based on the witness's specialized knowledge, skill, experience, training, or education, you should judge this testimony like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

As to the lay opinion testimony, this testimony is based on inferences drawn from the witness's direct perceptions and must be rationally based on those perceptions and not on speculation or what someone else has said.  You should judge this testimony like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves.  When

considering lay opinion testimony, however, you should not give it any extra credence based on the specialized knowledge, skill, experience, training, or education of this witness.

You also should [pay careful attention as to whether the witness is testifying] [consider whether the witness testified] to personal observations or involvement as a fact witness, testifying about a lay opinion based on the witness's perceptions, or testifying to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

[You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

[Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.]]

9TH CIR. CRIM. JURY INST. 3.15 (2022) (Approved 3/2023)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 24 – CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

9TH CIR. CRIM. JURY INST. 3.16 (2022) (Approved 3/2018)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 25 – AIDING AND ABETTING (18 U.S.C. § 2(a))

A defendant may be found guilty of Wire Fraud or Aggravated Identity Theft even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of Wire Fraud or Aggravated Identity Theft by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed Wire Fraud or Aggravated Identity Theft;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Wire Fraud or Aggravated Identity Theft;

Third, the defendant acted with the intent to facilitate Wire Fraud or Aggravated Identity Theft; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit Wire Fraud or Aggravated Identity Theft.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

9TH CIR. CRIM. JURY INST. 4.1 (2022) (Approved 9/2019)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 26 - AIDING AND ABETTING (18 U.S.C. § 2(b))


A defendant may be found guilty of the crimes(s) charged even if the defendant did not personally commit the act(s) constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States. A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

9TH CIR. CRIM. JURY INST. 4.2 (2022) (Approved 9/2019)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 27 – KNOWINGLY

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

9TH CIR. CRIM. JURY INST. 4.8 (2022) (Approved 9/2022)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 28 – INTENT TO DEFRAUD

An intent to defraud is an intent to deceive and cheat.

9TH CIR. CRIM. JURY INST. 4.13 (2022) (Approved 9/2020)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

**6.0 COVER SHEET**


IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA


| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:21-CR-00111-WBS |
| Robert Pooley, | ) | |
| Defendant. | ) | |

**JURY INSTRUCTIONS**


DATED: _____




_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

INSTRUCTION NO. 23 – DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

9TH CIR. CRIM. JURY INST. 6.1 (2022) (Approved 5/2020)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1    INSTRUCTION NO. 31 – CHARGES AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION

2                            OF INNOCENCE—BURDEN OF PROOF

3

4            The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The

5    defendant is presumed to be innocent unless and until the government proves the defendant guilty

6    beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.

7    The defendant does not have to prove innocence; the government has the burden of proving every

8    element of the charges beyond a reasonable doubt.

9

10        .

11

12

13

14

15

16

17

18

19

20

21

22   9TH CIR. CRIM. JURY INST. 6.2 (2022) (Approved 12/2017)
     Plaintiff's Proposed Jury Instruction No. _____
23   GIVEN _____
     GIVEN AS MODIFIED _____
24   REFUSED _____
     WITHDRAWN _____
25

26                                              _____

27                                                         JUDGE

28

1        INSTRUCTION NO. 32—DEFENDANT'S DECISION NOT TO TESTIFY

2

3      A defendant in a criminal case has a constitutional right not to testify.  In arriving at your

4 verdict, the law prohibits you from considering in any manner that the defendant did not testify.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23 9TH CIR. CRIM. JURY INST. 6.3 (2022) (Approved 12/2017)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____

24 GIVEN AS MODIFIED _____

25 REFUSED _____
WITHDRAWN _____

26

27 _____

28                 JUDGE

INSTRUCTION NO. 33—DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

9TH CIR. CRIM. JURY INST. 6.4 (2022)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 34—REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

9TH CIR. CRIM. JURY INST. 6.5 (2022) (Approved 9/2021)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 35 – WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

9TH CIR. CRIM. JURY INST. 6.6 (2022) (Approved 12/2017)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

## INSTRUCTION NO. 36 – WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9TH CIR. CRIM. JURY INST. 6.7 (2022) (Approved 3/2018)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

## INSTRUCTION NO. 37 – DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 6.8 (2022) (Approved 12/2017)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 38—CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses

///

///

///

who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9TH CIR. CRIM. JURY INST. 6.9 (2022) (Approved 12/2017)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1    INSTRUCTION NO. 39—ACTIVITIES NOT CHARGED

2

3        You are here only to determine whether the defendant is guilty or not guilty of the charges in the

4    indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    9TH CIR. CRIM. JURY INST. 6.10 (2022) (Approved 12/2017)
      Plaintiff's Proposed Jury Instruction No. _____
24    GIVEN _____
      GIVEN AS MODIFIED _____
25    REFUSED _____
      WITHDRAWN _____

26

27    _____

28                    JUDGE

INSTRUCTION NO. 40—SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

9TH CIR. CRIM. JURY INST. 6.11 (2022) (Approved 12/2017)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 41 – FOREIGN LANGUAGE TESTIMONY

You have heard testimony of a witness who testified in the Spanish language. Witnesses who do not speak English or are more proficient in another language testify through an official interpreter. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

9TH CIR. CRIM. JURY INST. 6.17 (2022) (Approved 3/2018)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 42 – ON OR ABOUT—DEFINED

The indictment charges that the offenses alleged in Counts 1- 6 of the indictment were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in Counts 1 – 6 of the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

.

9TH CIR. CRIM. JURY INST. 6.18 (2022) (Approved 6/2015)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

# INSTRUCTION NO. 43—DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not

///

///

///

///

///

///

hesitate to reexamine your own views and change your opinion if you become persuaded that it is

wrong.

9TH CIR. CRIM. JURY INST. 6.19 (2022) (Approved 5/2020)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____


_____
JUDGE

# INSTRUCTION NO. 44—CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire

//
//
//
//
//
//
//
//

trial process to start over.  If any juror is exposed to any outside information, please notify the court

immediately.

9TH CIR. CRIM. JURY INST. 6.20 (2022) (Approved 12/2020)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO. 45—USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

9TH CIR. CRIM. JURY INST. 6.21 (2022)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 46—JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

9TH CIR. CRIM. JURY INST. 6.22 (2022) (Approved 9/2019)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO. 47—VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

9TH CIR. CRIM. JURY INST. 6.23 (2022)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 48—COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

9TH CIR. CRIM. JURY INST. 6.24 (2022)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 49—AGGRAVATED IDENTIY THEFT (18 U.S.C. § 1028A)

The defendant is charged in Counts 5 and 6 of the indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly used without legal authority a means of identification of another person;

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to the offense of wire fraud.

A signature qualifies as a "means of identification."

A means of identification is used "during and in relation to" a crime when the means of identification is used in a manner that is fraudulent or deceptive and is at the crux of what makes the conduct criminal.

The government need not establish that the means of identification of another person was stolen or that the defendant did not have consent to use it.

9TH CIR. CRIM. JURY INST. 15.9 (2022) (Approved 8/2023)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

Comment to Model Instruction 15.9, in relevant part (regarding underlined portions above):

The Ninth Circuit has held that a signature qualifies as a "means of identification." *United States v. Blixt*, 548 F.3d 882, 887 (9th Cir. 2008).

The government need not prove that the identification document was stolen. *United States v. Osuna-Alvarez*, 788 F.3d 1183, 1185 (9th Cir. 2015); *see also United States v. Gagarin*, 950 F.3d 596, 604-605 (9th Cir. 2020) (holding that government is not required to prove that other person did not consent to use of his or her means of identification).

INSTRUCTION NO. 50—WIRE FRAUD (18 U.S.C. § 1343)

The defendant is charged in Counts One through Four of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

To convict the defendant of wire fraud based on omissions of material facts, you must find that the defendant had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the

///

//

//

defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

9TH CIR. CRIM. JURY INST. 15.35 (2022) (Approved 8/2023)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 51—[WIRE] FRAUD—SCHEME TO DEFRAUD—VICARIOUS LIABILITY

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what the other co-schemers said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

9TH CIR. CRIM. JURY INST. 15.33 (2022) (Approved 6/2021)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE