PHILLIP A. TALBERT
United States Attorney
KATHERINE T. LYDON
DHRUV M. SHARMA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT POOLEY,<br><br>Defendant. | CASE NO. 2:21-CR-0111 WBS<br><br>GOVERNMENT'S CORRECTED PROPOSED VOIR DIRE<br><br>DATE: May 15, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

The United States of America, through its attorneys Assistant U.S. Attorneys Katherine T. Lydon and Dhruv M. Sharma, requests that the following questions be asked in voir dire of prospective jurors in this case. These questions are in addition to the standard questions concerning each prospective juror's education, occupation, residence, family and prior experiences with the courts and the criminal justice system. The United States requests leave of Court to propose additional voir dire questions prior to trial.

1. Ask counsel to introduce themselves and identify the case agent/defendant.

    a. Do any members of the panel know the attorneys for the defendant or the defendant?

    b. Do any members of the panel know the Assistant United States Attorneys Katherine

Government's Proposed Voir Dire          1

Lydon or Dhruv Sharma, or anyone employed by the United States Attorney's office?

      c. Do any members of the panel know Special Agent Reggie Lee or Rich Ficarelli?

2. Have any of you ever served as a juror in a criminal or civil case or as a grand juror? If so, what kind of case? Did the jury come to a verdict in that case? If the jury did not reach a verdict, is there anything about that experience which would make it difficult for you to serve as a juror in this case?

3. Have any of you participated in a criminal trial or proceeding, for example, as a witness at a trial or before a grand jury? If so, is there anything about the experience which might case you to favor or disfavor either party in this case?

4. Have you, any member of your family, or any close friend ever been employed by a law enforcement agency (either as an officer or as a non-officer employee), including military law enforcement?

5. Have you, a member of your family, or any close friend been a victim or witness to a crime?

6. Have you, or any of your friends or relatives, ever had a negative or positive experience with a law enforcement officer or agent?

7. Does anyone have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

8. Do any of you know of any reason why you could not be fair to both sides in this case?

9. Is there any reason why you would not be able to give your full attention to this case?

10. Will any of you have difficulty seeing or hearing the witnesses?

11. Are you taking any medication that makes you sleepy or affects your ability to concentrate?

12. Do any of you have beliefs whether it be religious, political, or otherwise that make it impossible or difficult for you to decide the guilt or innocence of another person?

13. Have you, a member of your family, or any close friend ever gone skydiving? If so:

      a. Have you ever been tandem skydiving?

Government's Proposed Voir Dire     2

        b. Do you have any skydiving certifications?

        c. Are you or were you at some point a member of the United States Parachute Association (USPA), or any organization relating to skydiving?

14. It is anticipated that there may be evidence relating to skydiving risk and/or fatalities at this trial. If such evidence is introduced, the Court intends to instruct the jury that the fact of skydiving risks and/or fatalities has no bearing on whether Pooley is guilty or not guilty of the charges in this trial. Does anyone believe they would be unable to follow that instruction?

15. It is anticipated that several of the witnesses will testify in Spanish, through an official court interpreter. Would any of you have any problem accepting the interpreter's translation, rather than your own understanding?

16. Without telling me what you might have heard, have any of you heard of or read anything about the Parachute Center, a drop zone in Lodi, CA?[1] The Court will instruct the jury you must decide this case based only on the evidence received in the case. Are you able to set aside in your mind whatever you have heard, read, or seen, about the Parachute Center and limit your consideration only to the evidence presented at this trial?

17. Is there anything you know about yourself which if you were one of the lawyers or one of the parties to this case you would want to know before selecting you as a juror?

Dated: May 15, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ KATHERINE T. LYDON
KATHERINE T. LYDON
DHRUV M. SHARMA
Assistant United States Attorneys

---

[1] This question should be the "springboard" for the Court (and, if the Court allows it, the parties) to ask additional questions, ideally outside the presence of the other prospective jurors, based on what individual jurors heard and know, to determine whether they can be fair and impartial.

Government's Proposed Voir Dire     3