PHILLIP A. TALBERT
United States Attorney
KATHERINE T. LYDON
DHRUV M. SHARMA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       v.<br><br>ROBERT POOLEY,<br><br>                    Defendant. | CASE NO. 2:21-CR-111 WBS<br><br>GOVERNMENT'S SUPPLEMENTAL TRIAL BRIEF REGARDING THE "WITHOUT LAWFUL AUTHORITY" ELEMENT OF AGGRAVATED IDENTITY THEFT |

### I.  INTRODUCTION.

In its original trial brief (*see* Dkt. No. 97 at 6), the government briefly addressed the definition of "without lawful authority" as used in 18 U.S.C. § 1028A, and provided the dispositive Ninth Circuit cases establishing that the government need not prove that the owner of the means of identification did not consent to its use. The government files this supplemental trial brief to address the defendant's contention in the defense trial brief that if Yuri Garmashov consented to Pooley's use of his signature to commit wire fraud, Pooley is innocent of aggravated identity theft under § 1028A.

The defendant's argument is foreclosed. The Ninth Circuit has squarely held that a defendant who uses another's means of identification both (1) with that person's consent; and (2) to violate the law, acts "without legal authority" under 18 U.S.C. § 1028A. *United States v. Osuna-Alvarez*, 788 F.3d 1183, 1185-86 (9th Cir. 2015). The Ninth Circuit reiterated and built on the holding of *Osuna-Alvarez* in *United States v. Gagarin,* 950 F.3d 596 (9th Cir. 2020). Those cases are not overruled by or clearly

1 irreconcilable with subsequent Supreme Court authority.  *Osuna-Alvarez* and *Gagarin* remain binding precedent.

Neither of the two documents the defendant cites to overcome *Osuna-Alvarez* and *Gagarin* – a transcript of a portion of the United States' discussion with the Court about possible future developments in aggravated identity theft law, and a comment in a Solicitor General's brief – support deviation from the Ninth Circuit precedent.   The government respectfully requests the Court provide the jury instructions requested by the government, consistent with the Ninth Circuit's holding in *Osuna-Alvarez*.  *See also* Ninth Cir. Manual of Model Crim. Jury Instr. 15.9 (Aug. 2023 ed.) (incorporating *Dubin*).

## II. ANALYSIS.

### A. In the Ninth Circuit, where a defendant uses a means of identification to commit a crime, even with the identity holder's consent, the defendant commits aggravated identity theft.

1. *United States v. Osuna-Alvarez*, 788 F.3d 1183, 1185-86 (9th Cir. 2015).

The defendant in *Osuna-Alvarez* was stopped at the border entering the United States driving a vehicle containing three kilos of methamphetamine, and presented his twin brother's passport. *Osuna-Alvarez*, 788 F.3d at 1184.  He was charged with aggravated identity theft.  *Id*.  At trial, he contended "that because he had permission to use his twin brother's passport, he therefore did not use the passport 'without lawful authority,' as required by [18 U.S.C. § 1028A]." *Id*.  The Ninth Circuit noted that "our sister circuits have universally rejected his argument," and did likewise. *Id*. at 1185.  The Court explained that when the defendant used the passport with his brother's complicity to falsely identify himself as a U.S. citizen, he committed aggravated identity theft*. Id.* at 1186.  The Ninth Circuit held that the statutory text of 1028A "clearly and unambiguously encompasses situations like the present, where an individual grants the defendant permission to possess his or her means of identification, but the defendant then proceeds to use the identification unlawfully." *Id*. at 1185.  Accordingly:

> [R]egardless of whether the means of identification was stolen or obtained with the knowledge and consent of its owner, the illegal use of the means of identification alone violates § 1028A. Although the district court found that [the brother] was complicit in Osuna's use of the passport, Osuna nonetheless made "use" of the passport to falsely identify himself as a United States citizen—hence, he used the passport "without lawful authority."

*Id.* at 1185-86.

2.   *United States v. Gagarin*, 950 F.3d 596 (9th Cir. 2020).

Five years later, the Ninth Circuit construed *Osuna-Alvarez* to reject an argument analogous to one the defendant makes here with respect to USPA. In *United States v. Gagarin*, the court held that a sales agent for an insurer violated § 1028A by submitting in her cousin's name an application for a life insurance policy, even if she had her cousin's consent to submit the application. *Gagarin*, 950 F.3d at 604.

The court noted that the defendant there "acknowledged that, in light of *Osuna-Alvarez*, even if [the cousin] consented to the submission of the insurance application, this would not mean that Gagarin had 'lawful authority.'" *Id.* The Ninth Circuit also rejected that defendant's argument that "in order to show that she acted 'without lawful authority,' the Government must show that her use of the means of identification was 'itself illegal.'" *Id.* The Ninth Circuit reasoned that the defendant used her cousin's identity during and in relation to the wire fraud charged, and the defendant "ha[d] not shown that use 'without lawful authority' required more in this case." *Id*.

Here, Pooley's trial brief makes an argument closely akin to the one the Ninth Circuit rejected in *Garagin*: that sending the documents to USPA was not itself illegal, it was only "contrary to the rules of the non-profit organization." *See* Dkt. No. 99 at 3. This Court should likewise reject it. Here, as in *Gagarin*, the dispositive inquiry is whether the identity was used during and relation to wire fraud. The focus is on the students who paid Pooley to become Tandem Instructors, not on USPA.

B.   **<u>*Osuna-Alvarez* is not clearly irreconcilable with *United States v. Dubin*</u>**

*Osuna-Alvarez* and its progeny remain binding precedent. In *United States v. Dubin*, the Supreme Court held that a defendant "uses" another person's means of identification "in relation" to a predicate offense within the meaning of the aggravated identity theft statute when the use is at the crux of what makes the conduct criminal. *Dubin v. United States*, 599 U.S. 110, 114 (2023). Despite the Court's general discussion of identity theft, the Court's narrow holding focused on the centrality of the role of the means of identification in the commission of the predicate crime. *Dubin* explicitly noted it did not reach the proper interpretation of "without lawful authority." *See id.* at 129 n.8. Accordingly, *Osuna-Alvarez* remains binding law in the Ninth Circuit. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th

Cir. 2003) (en banc).  Indeed, the Circuit's post-*Dubin* August 2023 revisions to the model jury instruction for aggravated identity theft incorporated *Dubin*'s holding requiring the means of identification to be at the crux of what makes the conduct criminal, and left unchanged the instruction that the government need not establish that the means of identification of another person was stolen.  *See also* Ninth Cir. Manual of Model Crim. Jury Instr. 15.9 (Aug. 2023 ed.)

   C. **The statements the defendant cites do not support deviation from *Osuna-Alvarez*.**

     1. The lines of the Solicitor General's brief in *Dubin* highlighted by the defendant do not support a deviation from *Osuna-Alvarez*.

The defendant's citation to certain statements in the brief the Solicitor General's Office submitted in *United States v. Dubin* are not a basis to deviate from binding precedent.  The *Dubin* Court itself noted that the Solicitor General's brief was perhaps not a model of clarity, citing what it called a "medly of shifting and inconsistent readings of 'without lawful authority' another element of § 1028A(a)(1)."  *Dubin*, 599 U.S. at 114 n.8.  In any event, the Court noted, it "need not, and does not, reach the proper interpretation of 'without lawful authority" and cabined its opinion to other aspects of § 1028A.  *Id*.

     2. The government's discussion with this Court about what it expected the evidence would show and possible directions the law could go does not support deviation from *Osuna-Alvarez*.

In his trial brief, the defendant cites a statement by government counsel at a status hearing in February 2023 as a representation of the government's construction of the aggravated identity theft statute.  *See* Dkt. No. 99 at 5.  In the full context of the transcript of the trial confirmation hearing, it is clear that government counsel was providing his assessment that the evidence as he considered it at the time could survive a change in law, in response to the Court's advice to consider where the law could be in a couple years.  Specifically, this Court noted a prior case in which the government and defense counsel had agreed, based on the caselaw, that "without lawful authority" did not mean that the defendant lacked permission, it meant that he didn't have authority to do what he was doing; in other words, he was committing a crime.  Dkt. No. 99-1 at 12.  The Court noted, "Now, by the time you get to 2024, some court is probably going to say that there is something wrong with this theory.  That – so that just – if you're going to go that far into the future, you ought to be thinking about."  Dkt. No. 99-1 at

13:8-12.  In response, government counsel engaged in a discussion with the Court about hypothetical slippery slope mail fraud prosecution scenarios, shared what the government expected the evidence to show in this case, and forecast that the issue of whether the signature was used without Garmashov's permission would probably be a factual dispute.  Dkt. 99-1 at 14:3-7.  Importantly, the context of the discussion was not a motion to dismiss or other legal hearing where the government was providing the government's theory about what the law does and does not require.  The topic was simply the best trial date.  This discussion does not support the defense's request for jury instructions contrary to *Osuna-Alvarez*.

### III.     CONCLUSION

The government respectfully requests that the Court instruct the jury that the government is not required to prove the defendant lacked the consent of the owner of the means of identification, consistent with *Osuna-Alvarez*.

Dated:  May 21, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ KATHERINE T. LYDON
KATHERINE T. LYDON
Assistant United States Attorney