HEATHER E. WILLIAMS, SBN 122664
Federal Defender
MEGHAN McLOUGHLIN, SBN 354051
MIA CRAGER, SBN 300172
Assistant Federal Defenders
801 I Street, Third Floor
Sacramento, California 95814
T: (916) 498-5700
F: (916) 498-5710

Attorneys for Defendant
ROBERT POOLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 2:21-CR-111-WBS |
|---|---|---|
| Plaintiff, | ) | **MOTION TO STRIKE VICTIM IMPACT STATEMENTS** |
| vs. | ) | |
| ROBERT POOLEY, | ) | Date: September 30, 2024 |
| Defendant. | ) | Time: 10:00 A.M. |
| | ) | Judge: Hon. William B. Shubb |

Robert Allen Pooley hereby moves to strike the victim impact statements of Todd and Francine Turner, which were submitted as an addendum to the Presentence Investigation Report ("PSR") by United States Probation on September 23, 2024, Dkts. 171, 171-1, and by email to the Court on September 27, 2024. The defense does not intend to minimize the horrible pain and trauma that the Turners have faced from the death of their son; however, this case is not the correct forum for them to be heard. Because the Turners are not directly and proximately harmed as a result of the commission of Mr. Pooley's offenses of conviction or the fraudulent scheme underlying those convictions, they are not crime victims with enforceable rights under 18 U.S.C. § 3771.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Pooley has been convicted of Counts Two and Three of the Indictment, both alleging Wire Fraud, in violation of 18 U.S.C. § 1343. The fraudulent scheme presented by the government at trial involved the collection of payment from tandem instructor candidates who

enrolled in Mr. Pooley's Tandem Instructor Course with the expectation of receiving their Tandem Instructor Rating, which Mr. Pooley could not provide.

In preparation for sentencing, United States Probation prepared a PSR, which lists the victims of the offense as "the students who paid the defendant for tandem instructor courses under fraudulent pretenses." *See* PSR, Dkt. 165, at ¶ 34. In an addendum filed September 23, 2024, however, Probation filed several victim impact statements that were received by the United States Attorney's Office, including two statements by Todd Turner. *See* Dkt. 171, 171-1. In addition, on September 27, 2024, the government provided, by email, an additional victim impact statement by Francine Turner. The Turners were not skydiving students who paid Mr. Pooley for a Tandem Instructor Course. Rather, they are the parents of a young man who passed away while on a tandem skydive jump with Mr. Kwon.

## II.   LEGAL STANDARD

Under the Crime Victims' Rights Act ("CVRA"), federal crime victims are guaranteed several rights in connection with the prosecution of an offense, including the "right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding," among others, including restitution. 18 U.S.C. § 3771(a)(4). Pursuant to the statute, "the term 'crime victim' means a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." *Id*. at § 3771(e)(2)(A). This definition is nearly identical to a "victim" under the Victim and Witness Protection Act ("VWPA"), which provides that a victim is "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *Id*. at § 3663A(a)(2).

Indeed, as a result, "[f]ederal courts apply the same legal standard to the VWPA and the CVRA in determining a claimant's victim status." *United States v. Thuna*, 382 F. Supp. 3d 166, 170 (D.P.R. 2019) (citing *In re McNulty*, 597 F.3d 344, 350 n.6 (6th Cir. 2010) ("[W]e find our case law construing the VWPA . . . persuasive, both for how the CVRA is to be interpreted procedurally and for when an individual qualifies as a victim."); *In re Rendon Galvis*, 564 F.3d 170, 173–76 (2d Cir. 2009) (applying the same analysis to the VWPA and the CVRA in finding

Motion to Strike Victim Impact Statement                    2                    *United States v. Pooley*,
2:21-CR-111-WBS

that the claimant was not a victim pursuant to the statutes); *Credit Suisse AG*, No. 14-188, 2014 WL 5026739, at *3 (applying "the same analysis to the definitions of 'victim' " pursuant to the VWPA "and 'crime victim' " pursuant to the CVRA)).

It is well-settled that, generally, an individual is considered a victim under the CRPA and the VWPA if he or she suffers loss that flows directly from the specific conduct that is the basis of the *offense of conviction*. *See United States v. May*, 706 F.3d 1209, 1214–15 (9th Cir. 2013). "Thus, a court is authorized to order restitution for the offense of conviction and not for other related offenses of which the defendant was not convicted." *Id*. (internal quotations and citations omitted). There is one exception, however, for cases in which the offense of conviction involves as an element a scheme, conspiracy, or pattern of criminal activity. 18 U.S.C. § 3663A(a)(2). In those cases, there may be victims for losses resulting from any conduct that was part of the scheme, conspiracy, or pattern of criminal activity. *United States v. Reed*, 80 F.3d 1419, 1423 (9th Cir. 1996).

### III.   ARGUMENT

Here, because Mr. Pooley has been convicted for an offense in which an element is a fraudulent scheme, a "victim" of that offense is someone who was directly and proximately harmed as a result of the commission of the offense of conviction, or conduct that was part of that scheme, conspiracy or pattern of criminal activity. *Reed*, 80 F.3d at 1420, n.1.

While the Turners suffered the incredible loss of their son, that loss was not directly and proximately caused by the conduct forming the basis of Mr. Pooley's convictions, or any underlying fraudulent scheme. Mr. Pooley's representations to his students about their ability to receive "ratings" was not connected to the skydiving accident that killed Mr. Kwon and the Turners' son.

The government claims that Mr. Pooley's failure to properly train students caused the accident and resulting deaths, which the defense disputes. *See* Dkt. 175-1. The government requests a guidelines enhancement on that basis. But even if the government were correct, it has not demonstrated that Mr. Pooley's misrepresentations led proximately to Mr. Kwon and his passenger perishing.

First of all, as noted in the defendant's filing at Docket No. 175-1, it is unclear which of Mr. Pooley's students were part of the scheme forming the basis for the convictions. As the Court observed in granting the judgment of acquittal as to Count 5,

> there was no evidence presented as to whether Kwon even saw Garmashov's signatures on his paperwork, much less evidence showing that defendant used those signatures to defraud or deceive him. Indeed, there was no evidence that tandem instructor candidate Yonghyeon Kwon saw his certification paperwork or even knew Garmashov's signatures were on the paperwork. At best, there was evidence that other alleged victims were aware of the Garmashov's purported signature on their forms, but that did not constitute evidence of what, if anything, Kwon saw or knew.

Dkt. 170 at 10–11. It is unclear whether Mr. Kwon therefore was a victim of the wire fraud offense. If he is not a victim of the wire fraud offense, there is no basis for the passenger on one of his jumps to be a victim of the wire fraud offense either.

But even if Mr. Kwon was proven to be a victim, and even if the accident were considered "relevant conduct," any victim of that skydiving accident would not be a "victim" of the offense of conviction. Indeed, the specific content and adequacy of Mr. Pooley's trainings are not related to the elements of Mr. Pooley's offenses of conviction and the related fraudulent scheme.

On this basis, courts have specifically rejected claims for victim status and restitution stemming from a defendant's "relevant conduct," or conduct that is not an element of the offense of conviction. *See Reed*, 80 F.3d at 1420–23 (9th Cir. 1996); *see also United States v. Freeman*, 741 F.3d 426, 434–35 (4th Cir. 2014). In *Reed*, for example, the Ninth Circuit reversed a district court's restitution order for losses related car damage resulting from the defendant's high-speed flight from law enforcement. *Id.* at 1420–21. There, the defendant had been convicted of felon in possession of a firearm, but also properly received a sentencing enhancement for reckless endangerment during flight, based on his flight and damage to the stolen car the defendant was driving. *Id*. Nevertheless, the panel reversed the lower court's restitution order based on the car damage on the grounds that it did not stem from the defendant's convicted conduct. *Id*.

### IV. CONCLUSION

In light of the foregoing, Mr. Pooley moves to strike the victim impact statements provided in the addendum to the PSR at Dkt. 171-1 and by email to the Court on September 27,

2024.

                    Respectfully submitted,

                    HEATHER E. WILLIAMS
                    Federal Defender

Date: September 27, 2024        */s/ Meghan D. McLoughlin*
                    MEGHAN McLOUGHLIN
                    MIA CRAGER
                    Assistant Federal Defenders
                    Attorneys for Defendant
                    ROBERT POOLEY