UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>ROBERT ALLEN POOLEY,<br><br>        Defendant. | No. 2:21-CR-111 WBS<br><br>ORDER RE: MOTION FOR BAIL PENDING APPEAL |

----oo0oo----

Defendant has moved for release on bail pending appeal. (Docket No. 191.)  The court held a hearing on the motion on November 12, 2024.

Under 18 U.S.C. § 3143(b)(1), the court may order the release of a convicted defendant pending appeal where the court finds:

    (A)  by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

1

    (B)   that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

        (i)   reversal,

        (ii)  an order for a new trial,

        (iii) a sentence that does not include a term of imprisonment, or

        (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The court finds by clear and convincing evidence, and the government agrees, that defendant is not likely to flee or to pose a danger to the safety of any other person or the community if released on bail pending appeal. See 18 U.S.C. § 3143(b)(1)(A); United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985). The court further finds, and the government does not dispute, that defendant's appeal is not for the purpose of delay. See 18 U.S.C. § 3143(b)(1)(B).

The government disputes, however, whether defendant has raised a substantial question of law or fact likely to result in reversal or an order for a new trial, as required by §§ 3143(b)(1)(B)(i) and (ii), or a reduced sentence of imprisonment less than the total time already served plus the expected duration of the appeal process, as required by § 3143(b)(1)(B)(iv).

As explained by the Ninth Circuit in United States v. Handy, 761 F.2d 1279, 1281-83 (9th Cir. 1985), a substantial question is one that is "fairly debatable" or "fairly doubtful." While a substantial question is "one of more substance than would

2

be necessary to a finding that it was not frivolous," the district court need not find that reversal "is more likely than not," as this would be "tantamount to requiring the district court to certify that it believes its ruling to be erroneous." Id. at 1280-83; see also id. at 1280 ("Congress did not intend to limit bail pending appeal to cases in which the defendant can demonstrate at the outset of appellate proceedings that the appeal will probably result in reversal or an order for a new trial.").  In setting forth this interpretation of § 3143(b), the panel majority in Handy rejected the dissent's alternate interpretation that a substantial question must be "a close question or one that very well could be decided the other way." See id. at 1284 (cleaned up).

        As the court found at the hearing, defendant has raised a substantial question on his claim that the five-level enhancement of § 2B1.1(b)(16)(A) should not have been applied in calculating his sentencing guidelines.  Under § 3143(b), that would require the court to order the detention of defendant terminated after serving the likely amended sentence of eleven months if he is successful on that claim.  Now, after considering the relevant portions of the trial transcript, under the standard set forth in Handy, the court finds that defendant has also raised substantial questions as to (1) whether there was sufficient evidence as to his wire fraud convictions under a fraud by omission theory, and (2) whether the court properly gave a jury instruction regarding fraud by omission, thus requiring the court to order defendant's release in accordance with § 3142(b) or (c).

3

1         The court notes, and defendant concedes, that defendant did not object to the instruction regarding fraud by omission during the jury instruction conference.  However, it may be fairly debated whether defendant preserved such an objection through his attorney's arguments on his Rule 29 motions, in which she argued that, even though she proposed the instruction on the theory of fraud by omission, that theory "shouldn't go to the jury at all" given the alleged lack of evidence on that theory.

          The court does not find that either the sufficiency of the evidence or whether the court improperly gave a fraud by omission instruction are close questions.  Nevertheless, it finds that such questions are fairly debatable under Handy.  In this court's view, there was more than sufficient evidence to support the jury's verdict on counts two and three of the Indictment.  But the question of defendant's guilt on those counts was fairly debated at trial and it is expected that it will be fairly debated again on appeal.  Further, the court finds that if defendant is successful on either of these two issues on appeal, it will likely result in reversal or a new trial on the wire fraud counts.  See 18 U.S.C. § 3143(b)(1)(B).  Accordingly, the court will grant the motion for bail pending appeal.

          IT IS THEREFORE ORDERED that defendant's motion for bail pending appeal (Docket No. 191) be, and the same hereby is, GRANTED.  Defendant's conditions of release shall remain as previously set by the court.

Dated:  November 14, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4